Daniel Feinberg– CA State Bar No. 135983
Email: dan@feinbergjackson.com
FEINBERG, JACKSON, WORTHMAN & WASOW LLP
2030 Addison Street, Suite 500
Berkeley, CA 94704
Tel: (510) 269-7998
Fax: (510) 269-7994

R. Joseph Barton – CA State Bar No. 212340
Email: jbarton@blockesq.com
BLOCK & LEVITON LLP
1735 20th Street, N.W.
Washington, DC 20009
Tel: (202) 734-7046
Fax: (617) 507-6020

Vincent Cheng – CA State Bar No. 230827
Email: vincent@blockesq.com
BLOCK & LEVITON LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Tel: (415)-968-8999
Fax: (617) 507-6020

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO/OAKLAND DIVISION**

| | |
|---|---|
| CAROL FOSTER, and THEO FOREMAN, on behalf of themselves, individually, and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>ADAMS AND ASSOCIATES, INC., ROY A. ADAMS, LESLIE G. ADAMS, DANIEL B. NOREM, JOY CURRY NOREM and THE DANIEL NOREM REVOCABLE TRUST DATED JANUARY 9, 2002,<br><br>  Defendants. | Case No. 18-02723-JSC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION AND MEMORANDUM OF POINTS AND AUTHORITIES THEREOF (REDACTED)**<br><br>Date:      August 22, 2019<br>Time:      9:00 a.m.<br>Courtroom: F, 15th Floor<br>Honorable Jacqueline Scott Corley |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on August 22, 2019, at 9:00 a.m., in Courtroom F, 15th Floor of the San Francisco Division of the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Plaintiffs Carol Foster and Theo Foreman will move, and hereby does move, the Court for an order pursuant to Federal Rule of Civil Procedure Rule 23(a) and (b)(1) and (b)(2), and alternatively (b)(3) certifying claims brought by Plaintiffs in the Second Amended Complaint under the Employee Retirement Income Security Act of 1974 ("ERISA") as follows:

1.      Certifying all Claims for Relief on behalf of a class defined as follows ("the Class"):

(a)     All participants in the Adams and Associates Employee Stock Ownership Plan ("the ESOP") from October 25, 2012 or any time thereafter who vested under the terms of the ESOP;

(b)     the beneficiaries of such participants.

Excluded from the Class are Defendants and their immediate family; any fiduciary of the ESOP; the officers and directors of Adams and Associates, Inc. or of any entity in which a Defendant has a controlling interest; and legal representatives, successors, and assigns of any such excluded persons.

2.      Appointing Plaintiffs Carol Foster and Theo Foreman as Class Representatives.

3.      Appointing Feinberg, Jackson, Worthman & Wasow LLP and Block & Leviton LLP as Co-Lead Counsel for the Class pursuant to Rule 23(g).

This Motion is supported by the accompanying Memorandum of Law, the Declaration of Vincent Cheng ("Cheng Decl."), the Declaration of Daniel Feinberg ("Feinberg Decl."), the Declaration of R. Joseph Barton ("Barton Decl."), the Declaration of Carol Foster ("Foster Decl."), and the Declaration of Theo Foreman ("Foreman Decl."), and the Proposed Order filed herewith, all of the pleadings and documents on file with the Court in this action, and further evidence and argument as may be submitted prior to the Court's decision on this motion.

1  Dated: June 27, 2019                    Respectfully submitted,

2

3                                          _____

4                                          Vincent Cheng
                                           E-Mail: vincent@blockesq.com
5                                          Block & Leviton LLP
                                           100 Pine Street, Suite 1250
6                                          San Francisco, CA 94111
                                           Tel: 415-968-8999
7                                          Fax: (617) 507-6020

8
                                           R. Joseph Barton
9                                          Email: jbarton@blockesq.com
                                           BLOCK & LEVITON LLP
10                                         1735 20th Street, N.W.
                                           Washington, DC 20009
11                                         Tel: (202) 734-7046
                                           Fax: (617) 507-6020
12

13                                         Daniel Feinberg
                                           Email: dan@feinbergjackson.com
14                                         FEINBERG, JACKSON, WORTHMAN &
                                           WASOW LLP
15                                         2030 Addison Street, Suite 500
                                           Berkeley, CA 94704
16                                         Tel: (510) 269-7998
                                           Fax: (510) 269-7994
17

18                                         *Attorneys for Plaintiffs*

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

II.  SUMMARY OF FACTS ...................................................................................... 2

   A.  The October 2012 Transaction ..................................................................... 2

   B.  The Claims and Relief Requested ................................................................. 4

III. ARGUMENT ........................................................................................................ 4

   A.  The Class is Objectively and Properly Defined. .......................................... 5

   B.  The Requirements of Rule 23(a) are Satisfied ............................................. 5

      1.  Members of the Class are so Numerous that Joinder is Impracticable ......... 6

      2.  There are Common Questions of Law and Fact ............................................ 6

      3.  The Typicality Requirement of Rule 23(a) is Met ........................................ 8
         a.  Plaintiffs' Claims are Typical of the Class ............................................ 9

         b.  There are no Unique Defenses ............................................................... 10

      4.  Plaintiffs and their Counsel will Fairly and Adequately Represent the Class ..... 11

         a.  There is no Evidence of Conflict ........................................................... 11

         b.  Plaintiffs will Vigorously Prosecute the Claims ................................... 13

         c.  Plaintiffs' Counsel are More Than Adequate ........................................ 14

   C.  The Requirements of Rule 23(b) are Satisfied ............................................ 15

      1.  The Requirements of Rule 23(b)(1) are Satisfied ......................................... 15

         a.  Certification under Rule 23(b)(1)(A) is Appropriate ............................ 16

         b.  Certification under Rule 23(b)(1)(B) is Appropriate ............................ 17

         c.  Rule 23(b)(1) Applies to ERISA Claims Seeking Monetary Equitable Relief 18

      2.  The Requirements of Rule 23(b)(2) are Satisfied ......................................... 18

         a.  Defendants Have Acted or Refused to Act on Grounds that Apply Generally to the Class ........................................................................................................ 19

         b.  The Claims Seek Injunctive and Declaratory Relief ............................. 19

      3.  The Requirements of Rule 23(b)(3) are Satisfied ......................................... 21

         a.  Common Issues of Law and Fact Predominate ..................................... 22

**b.  A Class Action is Superior to Other Methods of Adjudication** ....................... 23

**IV. CONCLUSION**................................................................................................................... 24

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams and Associates, Inc. v. U.S.*,
  741 F.3d 102 (Fed. Cir. 2014).................................................................3

*Akaosugi v. Benihana Nat'l Corp.*,
  C 11-01272 WHA, 2012 WL 1657099 (N.D. Cal. May 10, 2012).........................12

*Allbaugh v. Cal. Field Ironworkers Pen. Tr.*,
  2:12-CV-00561-JAD, 2014 WL 3814026 (D. Nev. Aug. 4, 2014) .........................22

*Amara v. CIGNA Corp.*,
  775 F.3d 510 (2d Cir. 2014)................................................................20

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ...................................................................4, 16

*Amgen Inc. v. Conn. Ret. Plans and Tr. Funds*,
  568 U.S. 455 (2013) ....................................................................5, 7

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*,
  270 F.R.D. 488 (N.D. Cal. 2010) ...............................................10, 12, 18, 19

*Berger v. Xerox Corp. Ret. Income Guarantee Plan*,
  338 F.3d 755 (7th Cir. 2003)................................................................20

*Berrien v. New Raintree Resorts Int'l, LLC*,
  276 F.R.D. 355 (N.D. Cal. 2011) ..........................................................11

*Briseno v. ConAgra Foods, Inc.*,
  844 F.3d 1121 (9th Cir. 2017)..........................................................5, 24

*Brown v. NFL Players Ass'n*,
  281 F.R.D. 437 (C.D. Cal. 2012) .........................................................12

*Campbell v. PricewaterhouseCoopers, LLP*,
  253 F.R.D. 586 (E.D. Cal. 2008) ...........................................................6

*Chesemore v. All. Holdings, Inc.*,
  948 F. Supp. 2d 928 (W.D. Wis. 2013), *amended*, 09-CV-413-WMC, 2013
  WL 6989526 (W.D. Wis. Oct. 16, 2013), & *aff'd sub nom. Chesemore v.
  Fenkell*, 829 F.3d 803 (7th Cir. 2016).....................................................15

*CIGNA Corp. v. Amara*,
  563 U.S. 421 (2011).....................................................................19, 20

*In re Comput. Scis. Corp. ERISA Litig.*,
    CV 08-02398 SJO JWJX, 2008 WL 7527872 (C.D. Cal. Dec. 29, 2008) ..........................10, 22

*Cryer v. Franklin Templeton Res., Inc.*,
    C 16-4265 CW, 2017 WL 4023149 (N.D. Cal. July 26, 2017) ............................................7, 16

*Cummings v. Connell*,
    316 F.3d 886 (9th Cir. 2003)...........................................................................................11

*Des Roches v. Cal. Physicians' Serv.*,
    320 F.R.D. 486 (N.D. Cal. 2017) ........................................................................................9

*Fernandez v. K-M Indus. Holding Co.*,
    No. C 06-7339 CW, 2008 WL 2625874 (N.D. Cal. June 26, 2008).......................................13

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*,
    463 U.S. 1 (1983) ............................................................................................................19

*Fremont Gen. Corp. Litig.*,
    No. 2:07-cv-02693-JHN-FFMx, 2010 WL 3168088 (C.D. Cal. Apr. 15, 2010) .....................22

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998)......................................................................................11, 22

*Harris Tr. and Savings Bank v. Salomon Smith Barney, Inc.*,
    530 U.S. 238 (2000) .........................................................................................................21

*Harris v. Palm Springs Alpine Estates, Inc.*,
    329 F.2d 909 (9th Cir. 1964)...............................................................................................6

*Hatamian v. Adv. Micro Devices, Inc.*,
    14-CV-00226 YGR, 2016 WL 1042502 (N.D. Cal. Mar. 16, 2016) .........................................9

*Hernandez v. Cty. of Monterey*,
    305 F.R.D. 132 (N.D. Cal. 2015) ..................................................................................5, 6, 9

*Hunt v. Check Recovery Sys., Inc.*,
    241 F.R.D. 505 (N.D. Cal. 2007) .........................................................................................8

*Hurtado v. Rainbow Disposal Co., Inc.*,
    817CV01605JLSDFM, 2019 WL 1771797 (C.D. Cal. Apr. 22, 2019) ........................... *passim*

*Jiahao Kuang v. U.S. Dep't of Def.*,
    340 F. Supp. 3d 873 (N.D. Cal. 2018) ................................................................................14

*Johnson v. Meriter Health Servs. Emp. Ret. Plan*,
    702 F.3d 364 (7th Cir. 2012)............................................................................................20

*Johnson v. Serenity Transp., Inc.*,
    15-CV-02004-JSC, 2018 WL 3646540 (N.D. Cal. Aug. 1, 2018) (Corley, J.)..........................6

*Just Film, Inc. v. Buono*,
    847 F.3d 1108 (9th Cir. 2017).................................................................................22

*Kanawi v. Bechtel Corp.*,
    254 F.R.D. 102 (N.D. Cal. 2008) ...............................................................7, 9, 12, 16

*Kayes v. P. Lumber Co.*,
    51 F.3d 1449 (9th Cir. 1995).....................................................................................12

*Marshall v. Northrup Grumman Corp.*,
    No. CV 16-06794-AB (JCX), 2017 WL 6888281 (C.D. Cal. Nov. 2, 2017) .................7, 9, 18

*McCluskey v. Trs. of Red Dot Corp. Emp. Stock Ownership Plan and Tr.*,
    268 F.R.D. 670 (W.D. Wash. 2010) ...........................................................................17

*Mendez v. C-Two Group, Inc.*,
    13-CV-05914-HSG, 2015 WL 8477487 (N.D. Cal. Dec. 10, 2015)........................................13

*Moyle v. Liberty Mut. Ret. Ben. Plan*,
    823 F.3d 948 (9th Cir. 2016)............................................................................. *passim*

*Munday v. Navy Fed. Credit Union*,
    *No.* SACV151629JLSKESX, 2016 WL 7655807 (C.D. Cal. Sept. 15, 2016).........................24

*In re Nat'l Collegiate Athletic Ass'n Athletic Grant-In-Aid Cap Antitrust Litig.*,
    311 F.R.D. 532 (N.D. Cal. 2015) ...............................................................................11

*Neil v. Zell*,
    275 F.R.D. 256 (N.D. Ill. 2011) ................................................................................14

*Nevarez v. Forty Niners Football Co., LLC*,
    326 F.R.D. 562 (N.D. Cal. 2018) ...............................................................................13

*Norris v. Mazzola*,
    15-CV-04962-JSC, 2017 WL 6493091 (N.D. Cal. Dec. 19, 2017) (Corley, J.) ......................16

*Officers for Justice v. Civil Serv. Comm'n of S. F.*,
    688 F.2d 615 (9th Cir. 1982).....................................................................................15

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d 934 (9th Cir. 2015).....................................................................................11

*Ortiz v. Fibreboard Corp.*,
    527 U.S. 815 (1999)................................................................................................17

*Osberg v. Foot Locker*,
    07-CV-1358 KBF, 2014 WL 5796686 (S.D.N.Y. Sept. 24, 2014), *adhered
    to*, 07-CV-1358 (KBF), 2014 WL 5800501 (S.D.N.Y. Nov. 7, 2014). ..............................23

*Parsons v. Ryan*,
   754 F.3d 657 (9th Cir. 2014)..................................................................................8

*Patel v. Trans Union, LLC*,
   308 F.R.D. 292 (N.D. Cal. 2015) ........................................................................14

*Pfeifer v. Wawa, Inc.*,
   CV 16-497, 2018 WL 2057466 (E.D. Pa. May 1, 2018) ........................8, 10, 14, 15

*Porter v. Warner Holding Co.*,
   328 U.S. 395 (1946)............................................................................................21

*Reynolds v. Nat'l Football League*,
   584 F.2d 280 (8th Cir. 1978)..............................................................................21

*Rickstrew v. Weissman*,
   No. 12-cv-03133-WHA (N.D. Cal.) ......................................................................2

*Rodriguez v. Hayes*,
   591 F.3d 1105 (9th Cir. 2009).......................................................................10, 18

*S.E.C. v. AMX, Int'l*,
   7 F.3d 71 (5th Cir. 1993)....................................................................................21

*Schuchardt v. L. Off. of Rory W. Clark*,
   15-CV-01329-JSC, 2016 WL 232435 (N.D. Cal. Jan. 20, 2016) (Corley, J.) .............9

*Severstal Wheeling, Inc. Ret. Comm. v. WPN Corp.*,
   119 F. Supp. 3d 240 (S.D.N.Y. 2015), *aff'd sub nom. Severstal Wheeling, Inc.*
   *v. WPN Corp.*, 659 Fed. Appx. 24 (2d Cir. 2016)................................................15

*Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*,
   559 U.S. 393 (2010)..............................................................................................5

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003)..............................................................................11

*Stockwell v. San Francisco*,
   749 F.3d 1107 (9th Cir. 2014)..............................................................................5

*Stoetzner v. U.S. Steel Corp.*,
   897 F.2d 115 (3d Cir. 1990)................................................................................21

*In re Syncor ERISA Litig.*,
   227 F.R.D. 338 (C.D. Cal. 2005) ...........................................................................9

*Taylor v. Fedex Freight, Inc.*,
   13-CV-1137-LJO-BAM, 2015 WL 2358248 (E.D. Cal. May 15, 2015), *report*
   *and recommendation adopted*, 1:13-CV-01137-LJO, 2015 WL 4557412 (E.D.
   Cal. July 27, 2015). ............................................................................................12

*Tibble v. Edison Int'l*,
CV 07-5359 SVW AGRX, 2009 WL 6764541 (C.D. Cal. June 30, 2009) ..............................13

*Torres v. Mercer Canyons Inc.*,
835 F.3d 1125 (9th Cir. 2016) ..........................................................................................6

*Trosper v. Styker Corp.*,
13-CV-0607-LHK, 2014 WL 4145448 (N.D. Cal. Aug. 21, 2014) ........................................13

*Tyson Foods, Inc. v. Bouaphakeo*,
136 S. Ct. 1036 (2016) ....................................................................................................22

*United States v. Weissman*,
No. 16-cr-00063-CRB (N.D. Cal.) .......................................................................................2

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*,
815CV1614JLSJCGX, 2017 WL 2655678 (C.D. Cal. June 15, 2017) ................................13

*Vaquero v. Ashley Furniture Indus., Inc.*,
824 F.3d 1150 (9th Cir. 2016) ....................................................................................6, 22

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ...................................................................................5, 6, 19, 20

*Walters v. Reno*,
145 F.3d 1032 (9th Cir. 1998) ..........................................................................................18

*Wang v. Chinese Daily News, Inc.*,
737 F.3d 538 (9th Cir. 2013) ..............................................................................................6

*West v. Cal. Servs. Bureau, Inc.*,
323 F.R.D. 295 (N.D. Cal. 2017) .........................................................................................6

*Wilcox v. Swapp*,
2:17-CV-275-RMP, 2019 WL 334773 (E.D. Wash. Jan. 25, 2019) ......................................5

*Wit v. United Behavioral Health*,
317 F.R.D. 106 (N.D. Cal. 2016) .................................................................15, 16, 19, 24

*Wolin v. Jaguar Land Rover N.A., LLC*,
617 F.3d 1168 (9th Cir. 2010) ..........................................................................................23

**Statutes**

ERISA § 102, 29 U.S.C. § 1022 ...............................................................................7, 8, 23

ERISA § 104(b), 29 U.S.C. § 1024(b) ..................................................................................8

ERISA § 404(a), 29 U.S.C. § 1104(a) ....................................................................4, 7, 8, 23

ERISA § 406, 29 U.S.C. § 1106 ...........................................................................................7

ERISA § 406(a), 29 U.S.C. § 1106(a) ..................................................................4

ERISA § 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A) ...........................................7

ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D) ...........................................7

ERISA § 406(b), 29 U.S.C. § 1106(b) .............................................................4, 7

ERISA § 410, 29 U.S.C. §1110 ...........................................................4, 8, 10, 22

ERISA § 502(a), 29 U.S.C. § 1132(a) ...............................................................19

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) ......................................................9

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) ......................................................9

ERISA § 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)(B)..........................................20

**Other Authorities**

Fed. R. Civ. P. 23 ............................................................................... *passim*

Fed. R. Civ. P. 23(a) .......................................................................... *passim*

Fed. R. Civ. P. 23(a)(1) ............................................................................6

Fed. R. Civ. P. 23(a)(2) ..........................................................................6, 8

Fed. R. Civ. P. 23(a)(3) ..........................................................................8, 10

Fed. R. Civ. P. 23(a)(4) ..................................................................11, 14, 15

Fed. R. Civ. P. 23(b) ..........................................................................1, 4, 15

Fed. R. Civ. P. 23(b)(1) ...................................................................... *passim*

Fed. R. Civ. P. 23(b)(1)(A) ...................................................................16, 17

Fed. R. Civ. P. 23(b)(1)(B) ...................................................................17, 18

Fed. R. Civ. P. 23(b)(2).......................................................................  *passim*

Fed. R. Civ. P. 23(b)(3)............................................................15, 21, 22, 23

Fed. R. Civ. P. 23(g) ............................................................................14, 15

Fed. R. Civ. P. 23(g)(1)(A) ........................................................................14

*The Law of Remedies* § 4.3(2) (2d ed. 1993) ..........................................21

*The Law Of Trusts And Trustees* § 471 (2008) ......................................21

**INDEX OF EXHIBITS**

**Declaration of Vincent Cheng with the following attachments:**

Exhibit A:      Adams and Associates, Inc. Employee Stock Ownership Plan Summary Plan
                Description (Effective as of January 1, 2012), bates-stamped PLAINTIFFS 00031-
                68

Exhibit B:      Form 5500 of the Adams and Associates, Inc. Employee Stock Ownership Plan for
                Plan Year 2012, bates-stamped PLAINTIFFS 00001-26

Exhibit C:      Form 5500 of the Adams and Associates, Inc. Employee Stock Ownership Plan for
                Plan Year 2016, bates-stamped PLAINTIFFS 00189-216

Exhibit D:      Adams and Associates, Inc. Employee Stock Ownership Plan (Effective as of
                January 1, 2012), produced by Defendants and bates-stamped 000610-690

Exhibit E:      E-mail thread dated August 1, 2012, produced by Defendants and bates-stamped
                004157-67

Exhibit F:      E-mail dated September 21, 2012, produced by Defendants and bates-stamped
                004235-37

Exhibit G:      Complaint, dated June 18, 2012, in *Rickstrew v. Weissman*, Case No. C12-03133
                (N.D. Cal.)

Exhibit H:      Bid Protest, dated June 25, 2012, in *Adams and Associates, Inc. v. United States*
                (Federal Claims 12-409-C)

Exhibit I:      Declaration of Roy A. Adams, dated June 24, 2012, in *Adams and Associates, Inc.
                v. United States* (Federal Claims 12-409-C)

Exhibit J:      Bid Protest, dated October 26, 2012, in *Adams and Associates, Inc. v. United
                States* (Federal Claims 12-731-C)

Exhibit K:      Declaration of Roy A. Adams, dated October 23, 2012, in *Adams and Associates,
                Inc. v. United States* (Federal Claims 12-731-C)

Exhibit L:      Defendants' Amended Responses to Plaintiffs' Second Set of Interrogatories

1    **Declaration of Daniel Feinberg ("Feinberg Decl.")**

2

3    **Declaration of R. Joseph Barton ("Barton Decl.")**

4    Exhibit A:     Firm Resume of Block & Leviton LLP

5

6    **Declaration of Carol Foster ("Foster Decl.")**

7    Exhibit A:     Duties of Class Representatives dated May 4, 2018 and signed by Carol Foster

8

9    **Declaration of Theo Foreman ("Foreman Decl.")**

10   Exhibit A:     Duties of Class Representatives dated May 8, 2018 signed by Theo Foreman

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      INTRODUCTION**

3        This is an ERISA action challenging fiduciary breaches, prohibited transactions, and other

4  violations arising out of an October 2012 transaction involving the sale of 100% of Adams and

5  Associate, Inc.'s stock to the Adams and Associates Employee Stock Ownership Plan ("the

6  October 2012 Transaction"). Plaintiffs seek certification of a class that consists of the vested

7  participants in the Adams and Associates, Inc. ESOP ("the ESOP") and their beneficiaries.

8  Defendants have identified approximately 2,766 persons in the Class. The claims are well-suited

9  for class certification because the underlying facts and the legal claims arising from those facts

10 are the same for all members of the Class. As fiduciaries and/or parties in interest, Defendants

11 had the same obligations as to all class members and either breached their fiduciary duties and/or

12 otherwise violated ERISA as to all class members or none. All members of the Class seek to

13 recover the same losses on behalf of the ESOP arising from the fiduciary breaches and prohibited

14 transactions carried out by Defendants.

15       The prerequisites of Rule 23(a) are easily met as to all claims. The class numbers in the

16 thousands, the primary questions of fact and law surrounding Defendants' conduct are the same

17 for all class members, Plaintiffs' claims are typical of the class, and Plaintiffs and their counsel

18 will adequately represent the proposed class. As with many ERISA cases in general and for cases

19 involving ESOP transactions in particular, these claims are ideally suited for class certification

20 and meet the requirements for certification under Rule 23(b). Because adjudication of these issues

21 for one participant would effectively resolve the issues for all class members, and separate actions

22 by individual class members would create the risk of inconsistent standards of conduct for ESOP

23 fiduciaries, this case meets the requirements of Rule 23(b)(1). The claims also meet the

24 requirements of Rule 23(b)(2) because Defendants have acted on grounds that apply generally to

25 the Class and Plaintiffs seek a declaratory or injunctive remedy to provide relief to all class

26 members. Finally, and alternatively, the Class may be certified under 23(b)(3) because common

27 questions of law and fact predominate and a class action is superior to other methods for

28 resolving these claims.

1

## II.   SUMMARY OF FACTS

2

### A.   The October 2012 Transaction

3   Adams and Associates, Inc. ("AAI") operates Job Corps Center under contract with the U.

4   S. Department of Labor. Dkt. No. 65 ("2d Am. Compl.") ¶ 2; Ex. I ¶¶ 4, 5; Ex. K ¶¶ 4, 5.[1] The

5   DOL awards Job Corps Center contracts based on a highly competitive bidding process. 2d Am.

6   Compl. & Dkt. No. 70 ("Answ.") ¶ 21. The DOL also sets aside some Job Corps Center contracts

7   for small businesses whose annual revenue falls within a certain limit. 2d Am. Compl. & Answ.

8   ¶¶ 22, 24. Since 2007, AAI's annual revenue has exceeded that limit, and AAI no longer qualifies

9   to bid for small business set-aside Job Corps Center contracts. *Id.* ¶ 24.

10   AAI adopted the ESOP effective January 1, 2012. Ex. B . Before the October 2012

11   Transaction, AAI was owned by the Adams family and The Daniel Norem Recoverable Trust. 2d

12   Am. Compl. & Answ. ¶ 20. In July 2012, in order to facilitate the sale of the AAI stock to the

13   Adams ESOP, Defendants Roy Adams, Leslie Adams, and Daniel Norem (the "Director

14   Defendants") appointed Alan Weissman as trustee of the Adams ESOP. 2d Am. Compl. & Answ.

15   ¶ 28. About a month prior to his appointment, Weissman was sued in this district for embezzling

16   almost $400,000 from another ESOP for which he had served as trustee, in *Rickstrew v.*

17   *Weissman*, No. 12-cv-03133-WHA (N.D. Cal.). 2d Am. Compl. ¶ 30; Ex. G. Weissman was

18   indicted in 2016 on 14 counts for conduct including theft or embezzlement from two ESOPs

19   dating back to at least 2010 and pled guilty to four counts and was sentenced to 30 months in

20   prison in 2017, in *United States v. Weissman*, No. 16-cr-00063-CRB (N.D. Cal.). 2d Am. Compl.

21   ¶ 31. Had the Director Defendants conducted an appropriate investigation of Weissman prior to

22   the October 2012 Transaction they would have discovered at least the allegations made in

23   *Rickstrew* and, if they had acted loyally or prudently based on that discovery, would not have

24   appointed him to act as the trustee of the ESOP. *Id.* ¶ 30.

25   Sometime before the October 2012 Transaction, Defendants learned that AAI would not

26   be able to bid on its Job Corps Center contracts for the Gadsden Job Corps Center and the Shriver

27   Job Corps Center (which were up for renewal) because those contracts had been set aside for

28

---

[1] Unless specified otherwise, all exhibits hereto are to the Declaration of Vincent Cheng.

1  small businesses. Exs. H & J; Ex. I ¶ 10; Ex. K ¶ 9. On June 25, 2012 and October 26, 2012 (the

2  day after the October 2012 Transaction), AAI filed bid protests in the U.S. Court of Federal

3  Claims protesting the DOL's decision to designate the Gadsden Job Corps Center and the Shriver

4  Job Corps Center as a 100% small business set-aside, respectively. Exs. H & J. Roy Adams,

5  President of Adams, averred in support of the bid protests that the company would be "irreparably

6  harmed" by the DOL's decision. Ex. I ¶¶ 11-13; Ex. K ¶¶ 11-13. As of October 2012, DOL had

7  notified AAI that three of its Job Corps centers – Gadsden, Shriver and Woodland – were being

8  set aside for small businesses. Ex. K ¶ 17. In early 2013, the district court granted judgment to the

9  United States in both bid protests, and in January 2014, the Federal Circuit affirmed both

10  judgments. *See Adams and Associates, Inc. v. U.S*., 741 F.3d 102, 104 (Fed. Cir. 2014).

11       Prior to the October 2012 Transaction, the Director Defendants withheld from Weissman

12  and his advisers material information about the existing or impending bid protests against the

13  United States and the impending loss of the Gadsden Job Corps Center and Shriver Job Corps

14  Center contracts. 2d. Am. Compl. ¶¶ 56-57; Ex. E; Ex. F. ██████████████████████████

15  ████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████

17  ██████████████████████████████████ Ex. E; *id*. at 004166██████████████

18  ████████████████████████████████████████████████████████

19  ███████████████████████████████████████████████████ Ex. F; *id*. at

20  004236██████████████████

21       On October 25, 2012, Weissman as trustee of the Adams ESOP caused the Plan to

22  purchase 100% of the Adams stock from the Selling Shareholder Defendants (i.e., Roy Adams,

23  Leslie Adams, Daniel Norem, and the Norem Trust) for $33.5 million. 2d. Am. Compl. & Answ.

24  ¶ 58. The Adams ESOP paid more than fair market value in the October 2012 Transaction. Since

25  the Transaction, the value of the Adams ESOP's company stock has declined precipitously. 2d.

26  Am. Compl. & Answ. ¶ 69. As of December 31, 2016, the reported fair market value of the

27  ESOP's company stock was only $12.3 million. Ex. C .

28

1  Weissman remained the Trustee of the ESOP until May 2016. 2d Am. Compl. & Answ.

2  ¶ 18. The ESOP fiduciaries did not inform the participants of the appointment of a new Trustee

3  until May 2018 – after this action was filed. *Id.*; Ex. A at 3. As of April 2018, the Summary Plan

4  Description for the Adams ESOP ("the SPD") available to employees continued to identify

5  Weissman as the Trustee. *Id.*; 2d Am. Compl. & Answ. ¶ 18; *see* Ex. D at 11 (identifying Adams

6  as "the Plan Administrator"). Defendants never disclosed Weissman's criminal conduct to ESOP

7  participants. 2d Am. Compl. & Answ. ¶ 32.

8        **B.**    **The Claims and Relief Requested**

9        The Complaint alleges five claims: prohibited transaction claims under ERISA §§ 406(a)

10  and (b) against the Selling Shareholder Defendants (First and Second Claims for Relief, 2d Am.

11  Compl. ¶¶ 92-105); breach of fiduciary duty under § 404(a) against the Director Defendants in

12  selecting Weissman, withholding material information from him, and failing to take corrective

13  actions (Third Claim for Relief, *id.* ¶¶ 106-16); failure to furnish an updated SPD and breach by

14  AAI of the fiduciary duty to inform participants about Weissman (Fourth Claim for Relief, *id.*

15  ¶¶ 117-128); and violation of ERISA's anti-indemnification provision under § 410 (Fifth Claim

16  for Relief, *id.* ¶¶ 129-45). Among the relief sought is: (1) declarations that Defendants have

17  breached their fiduciary duties and that the Selling Shareholder Defendants have engaged in

18  prohibited transactions; (2) an order removing Defendants as fiduciaries and requiring Defendants

19  to restore all the losses resulting from their breaches and violations to the ESOP; (3) an order

20  requiring Adams as Plan Administrator to provide an updated SPD, disclose to ESOP participants

21  any investigation conducted concerning Weissman, and provide an accounting to the Class of the

22  financial accounts of the Plan; and (4) a declaration that any indemnification agreement between

23  Defendants and Adams or the Adams ESOP is void. *Id.* Prayer for Relief ¶¶ A-B, D-G, J.

24  **III.**    **ARGUMENT**

25        Certification of a class is required where the party seeking certification demonstrates the

26  four prerequisites of Rule 23(a) and at least one of the requirements of Rule 23(b). Fed. R. Civ. P.

27  23; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613–14 (1997). Analyzing whether a class

28  can be certified may "entail some overlap with the merits of the plaintiff's underlying claim."

1    *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). However, "[m]erits questions may be

2    considered to the extent—but only to the extent—that they are relevant to determining whether

3    the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans and*

4    *Tr. Funds*, 568 U.S. 455, 466 (2013); *Stockwell v. San Francisco*, 749 F.3d 1107, 1111–12 (9th

5    Cir. 2014) (same). If the elements of Rule 23 are met, a district court does not have discretion to

6    deny certification of a class. *Shady Grove Orthopedic Assocs. v. Allstate Ins. Co.*, 559 U.S. 393,

7    398 (2010) (rejecting argument that court has discretion to deny class certification because "[b]y

8    its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified

9    criteria to pursue his claim as a class action"). This action satisfies all the requirements of Rule 23

10   and should be certified as a class action.

11          **A.      The Class is Objectively and Properly Defined.**

12          "[A]t the certification stage, it [i]s sufficient that the class [i]s defined by an objective

13   criterion." *Briseno v. ConAgra Foods, Inc.,* 844 F.3d 1121, 1124 (9th Cir. 2017). An objective

14   class definition is one that "avoid[s] subjective standards (*e.g.*, a plaintiff's state of mind) or terms

15   that depend on resolution of the merits (*e.g.*, persons who were discriminated against)."

16   *Hernandez v. Cty. of Monterey*, 305 F.R.D. 132, 152 (N.D. Cal. 2015); *see*

17   *Wilcox v. Swapp*, 2:17-CV-275-RMP, 2019 WL 334773, at *8 (E.D. Wash. Jan. 25, 2019)

18   (finding class definition was objective criteria where it was based on facts, not class members'

19   feelings). Here, the class definition is objective because it is based on the following objective

20   criteria: Was the putative class member (1) a participant in October 2012 or any time thereafter

21   who vested under the terms of the ESOP, or (2) the beneficiary of such a person, and (3) not

22   among the persons excluded? Further, relying on the Plan Administrator's records, Defendants

23   have identified the vested participants in the ESOP. Ex. L at No. 5. Thus, the class is sufficiently

24   and properly defined.

25          **B.      The Requirements of Rule 23(a) are Satisfied**

26          Rule 23(a) provides that a class must satisfy four criteria: (1) the class is so numerous that

27   joinder of all members is impracticable; (2) there are questions of law or fact common to the

28   class; (3) the claims and defenses of the representative parties are typical of the claims or

1  defenses of the class; and (4) the representative parties will fairly and adequately protect the

2  interests of the class. Fed. R. Civ. P. Rule 23(a). Here, the Class satisfies all these criteria.

3  **1.      Members of the Class are so Numerous that Joinder is Impracticable**

4  Rule 23(a) requires that the class be so numerous that joinder is impracticable. Fed. R.

5  Civ. P. 23(a)(1). Impracticality does not require "impossibility" but refers only to "the difficulty

6  or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates,*

7  *Inc*., 329 F.2d 909, 913-14 (9th Cir. 1964); *Johnson v. Serenity Transp., Inc*., 15-CV-02004-JSC,

8  2018 WL 3646540, at *6 (N.D. Cal. Aug. 1, 2018) (Corley, J.) (quoting *Harris*). "Plaintiffs need

9  not state an exact number to meet the threshold requirements of Rule 23." *West v. Cal. Servs.*

10  *Bureau, Inc*., 323 F.R.D. 295, 303 (N.D. Cal. 2017). "A class or subclass with more than 40

11  members 'raises a presumption of impracticability [of joinder] based on numbers alone.'"

12  *Hernandez*, 305 F.R.D. at 152-53. Courts readily find classes "numbering in the hundreds to be

13  sufficient to satisfy the numerosity requirement." *Campbell v. PricewaterhouseCoopers, LLP*,

14  253 F.R.D. 586, 594 (E.D. Cal. 2008) (citing cases). Defendants' Responses to Plaintiffs'

15  Interrogatories identified 2,766 participants who vested under the terms of the Plan. Ex. L at No.

16  5. This number does not include their beneficiaries. Thus, Rule 23(a)(1) is easily satisfied.

17  **2.      There are Common Questions of Law and Fact**

18  Commonality requires only one question of law or fact common to the class. Fed. R. Civ.

19  P. 23(a)(2); *Torres v. Mercer Canyons Inc*., 835 F.3d 1125, 1133 (9th Cir. 2016) ("To satisfy

20  Rule 23(a)(2) …, '[e]ven a single [common] question' will do."). Not "every question in the case,

21  or even a preponderance of questions," need be "capable of classwide resolution." *Wang v.*

22  *Chinese Daily News, Inc*., 737 F.3d 538, 544 (9th Cir. 2013). Commonality "means that the class

23  members' claims 'must depend upon a common contention' and that the 'common contention,

24  moreover, must be of such a nature that it is capable of classwide resolution – which means that

25  determination of its truth or falsity will resolve an issue that is central to the validity of each one

26  of the claims in one stroke.'" *Vaquero v. Ashley Furniture Indus., Inc*., 824 F.3d 1150, 1153 (9th

27  Cir. 2016) (quoting *Wal-Mart v. Dukes*, 564 U.S. 338, 350 (2011)). A common question of law or

28

1  fact does not have to be one that "will be answered, on the merits, in favor of the class." *Amgen*,

2  568 U.S. at 459.

3      Courts find commonality for prohibited transaction claims because the theory of liability

4  of each class member is identical – i.e., whether the transaction is prohibited under ERISA § 406.

5  *E.g., Hurtado v. Rainbow Disposal Co., Inc.*, 817CV01605JLSDFM, 2019 WL 1771797, at *7

6  (C.D. Cal. Apr. 22, 2019) (finding commonality for claims under ERISA § 406); *Marshall v.*

7  *Northrup Grumman Corp.*, No. CV 16-06794-AB (JCX), 2017 WL 6888281, *5 (C.D. Cal. Nov.

8  2, 2017) (finding commonality satisfied where common questions included whether defendants

9  engaged in prohibited transaction and "what equitable relief should be imposed"). Here, the First

10  and Second Claims for Relief raise the common question of whether the Selling Shareholder

11  Defendants engaged in a prohibited transaction under ERISA §§ 406(a)(1)(A) and (D) or § 406(b)

12  by allowing the ESOP to purchase Adams stock from the Selling Shareholders for more than

13  adequate consideration in the October 2012 Transaction. 2d. Am. Compl. ¶¶ 93-98, 100-105.

14      Breach of fiduciary duty claims also satisfy the commonality requirement because "the

15  common focus [of these claims] is on the conduct of Defendants" and the claims "involve[]

16  Defendants' conduct as to all participants in the Plan." *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102,

17  109-10 (N.D. Cal. 2008) (finding commonality for claims under ERISA § 404(a)); *Cryer v.*

18  *Franklin Templeton Res., Inc.*, C 16-4265 CW, 2017 WL 4023149, at *5 (N.D. Cal. July 26,

19  2017) (finding commonality satisfied where "[t]he common focus will be 'on the conduct of

20  Defendants: whether they breached their fiduciary duties to the Plan as a whole'"). Here, the

21  Third Claim for Relief focuses on whether the Director Defendants breached their fiduciary duties

22  under ERISA § 404(a) as to the ESOP participants by failing to conduct an adequate investigation

23  of Weissman before appointing him as the Trustee of the ESOP, permitting him to enter into the

24  October 2012 Transaction, or failing to take any corrective action to protect the ESOP

25  participants after the Transaction. 2d. Am. Compl. ¶¶ 107-116.

26      Claims alleging violations of the requirements of ERISA §§ 102 or 104(b) or breaches of

27  fiduciary duties to disclose and inform also satisfy the commonality requirement. *E.g., Moyle v.*

28  *Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 964-65 (9th Cir. 2016) (finding commonality in case

1    alleging omissions in SPDs as they were made in "a uniform and classwide basis"); *Hurtado*,

2    2019 WL 1771797, at ** 3, 6-7 (finding commonality for claims alleging "failure to provide an

3    adequate SPD" and "breach of fiduciary duty for failure to disclose" as "resolution against

4    Defendants will likely establish their liability"). Here, the common questions of the Fourth Claim

5    for Relief include whether Adams breached its fiduciary duties under § 404(a) by failing to

6    inform the ESOP participants of the removal of Weissman as Trustee, his criminal activity, or

7    whether the ESOP's assets have been misused or embezzled and whether Adams violated ERISA

8    §§ 102 and 104(b) by failing to promptly furnish participants with an updated SPD that identifies

9    the new trustee. 2d Am. Compl. ¶¶ 118-28. Because the Fourth Claim for Relief is based on

10   Adams' uniform failure to inform any ESOP participants and furnish them with an updated SPD,

11   a determination of these questions will resolve central issues of the claim as to the Class in one

12   stroke.

13         Similarly, claims under ERISA § 410 that challenge the validity of provisions that seek to

14   indemnify plan fiduciaries meet the commonality requirement. *See Hurtado*, 2019 WL 1771797,

15   at *6-7 (finding commonality for ERISA § 410 claim, which presented common question of

16   "whether indemnification provisions benefiting certain fiduciaries are void"); *Pfeifer v. Wawa*,

17   Inc., CV 16-497, 2018 WL 2057466, at **2, 3 (E.D. Pa. May 1, 2018) (certifying claim seeking

18   "[i]nvalidation of the indemnification provision"). Here, the Fifth Claim for Relief raises

19   questions common to the Class – *i.e*., whether the various purported indemnification provisions

20   are void under § 410 and whether Defendants breached their fiduciary duties under § 404(a) by

21   agreeing to any of these provisions. 2d Am. Compl. ¶¶ 130-145. Thus, Rule 23(a)(2) is met.

22         **3.    The Typicality Requirement of Rule 23(a) is Met**

23         Typicality requires that "the claims or defenses of the representative parties are typical of

24   the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Under the rule's permissive

25   standards, representative claims are 'typical' if they are reasonably coextensive with those of

26   absent class members; they need not be substantially identical." *Parsons v. Ryan*, 754 F.3d 657,

27   685 (9th Cir. 2014). "Typicality refers to the nature of the claim or defense of the class

28   representative and not on facts surrounding the claim or defense." *Hunt v. Check Recovery Sys.,*

1    *Inc.*, 241 F.R.D. 505, 510 (N.D. Cal. 2007); *Schuchardt v. L. Off. of Rory W. Clark*, 15-CV-

2    01329-JSC, 2016 WL 232435, at \*5 (N.D. Cal. Jan. 20, 2016) (Corley, J.) (same). To satisfy

3    typicality, the Ninth Circuit does not require that "the named plaintiffs' injuries be identical with

4    those of the other class members, [but] only that the unnamed class members have injuries similar

5    to those of the named plaintiffs and that the injuries result from the same, injurious course of

6    conduct." *Des Roches v. Cal. Physicians' Serv.*, 320 F.R.D. 486, 504 (N.D. Cal. 2017) (citing

7    *Armstrong v. Davis*, 275 F.3d 849, 871 (9th Cir. 2001)); *Hernandez v. Cty. of Monterey*, 305

8    F.R.D. 132, 159 (N.D. Cal. 2015) (same). "[T]he focus should be on the defendants' conduct and

9    plaintiff's legal theory, not the injury caused to the plaintiff." *Kanawi*, 254 F.R.D. at 110;

10   *Hatamian v. Adv. Micro Devices, Inc.*, 14-CV-00226 YGR, 2016 WL 1042502, at \*5 (N.D. Cal.

11   Mar. 16, 2016). Here, Plaintiffs' claims are typical of the Class and there are no unique defenses.

12                    **a.        Plaintiffs' Claims are Typical of the Class**

13           In ERISA cases alleging breach of fiduciary duty or prohibited transactions and seeking

14   plan-wide relief, courts in this Circuit have often found that ERISA claims meet the typicality

15   requirement. "In light of the representative nature of a suit filed pursuant to ERISA § 502(a)(2)

16   and the injunctive relief sought pursuant to § 502(a)(3), Plaintiffs' claims are sufficiently typical

17   of those of other class members." *Kanawi*, 254 F.R.D. at 110; *In re Syncor ERISA Litig.*, 227

18   F.R.D. 338, 344 (C.D. Cal. 2005) (finding typicality in § 502(a)(2) suit involving ESOP). In

19   assessing typicality, "the focus in ERISA fiduciary breach cases is on the Defendants' conduct."

20   *Marshall*, 2017 WL 6888281, at \*7; *see Hurtado*, 2019 WL 1771797, at \*8 (finding typicality

21   because plaintiffs' claims "focus on the conduct of Defendants as to the ESOP as a whole and not

22   on conduct specific to any particular Plaintiff"). That is because "[e]ach class member would

23   have to rely on the same evidence to provide Defendants breached their duties, committed

24   prohibited transactions, and harmed the Plan." *Marshall*, 2017 WL 6888281, at \*7. As to the

25   First, Second, and Third Claims for Relief here, Plaintiffs' claims are typical of the Class because

26   they focus on the conduct of Defendants as to the ESOP as a whole, and not on the conduct

27   specific to any particular Plaintiff.

28

---

The same analysis applies to disclosure claims where there are "allegations of plan-wide ... non-disclosures, which by definition were not individualized." *In re Comput. Scis. Corp. ERISA Litig.*, CV 08-02398 SJO JWJX, 2008 WL 7527872, at *2 (C.D. Cal. Dec. 29, 2008) (citing case and finding typicality met in case involving plan investment in employer stock). The Ninth Circuit affirmed certification of representation and non-disclosure claims where "defendant's representations were allegedly made on a uniform and classwide basis" because "individual issues of reliance do not preclude class certification." *Moyle*, 823 F.3d at 964–65 (affirming finding of commonality and typicality); *see Hurtado*, 2019 WL 1771797, at 8 (finding typicality for all claims including those alleging inadequacy of SPD and improper disclosures as alleged misconduct by defendants "affected all ESOP Participants with equal force"). Here, the Fourth Claim for Relief is based on Adams' plan-wide non-disclosures about Weissman and failure to issue an updated SPD. 2d Am. Comp. ¶¶ 120, 125-26. Finally, the Fifth Claim for Relief under ERISA § 410 focuses on the indemnification provisions at issue, challenges their legality and as such is also typical of the Class. See *Hurtado*, 2019 WL 1771797, at *6-7 (finding typicality for all claims including § 410 claim); *Pfeifer*, 2018 WL 2057466, at **2, 3. Thus, the typicality requirement is also met for these claims.

### b.    There are no Unique Defenses

"Defenses unique to a class representative counsel against class certification only where they 'threaten to become the focus of the litigation.'" *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2009). On the other hand, "defenses that may bar recovery for some members of the putative class, but that are not applicable to the class representative do not render a class representative atypical under Rule 23." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 270 F.R.D. 488, 494 (N.D. Cal. 2010) (citing cases). "This is so because Rule 23(a)(3) is primarily concerned with ensuring that there is no 'danger that absent class members will suffer [because] their representative is preoccupied with defenses unique to [him].'" *Id.* (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). While Defendants have asserted a number of affirmative defenses, these defenses overwhelmingly implicate facts related to

1    Defendants, the ESOP or the Class as a whole. Answ. at IX. None appears to raise any defenses

2    unique to either Plaintiff.

3            **4.      Plaintiffs and their Counsel will Fairly and Adequately Represent the
             Class**

4

5            Adequacy requires that the class representative will fairly and adequately protect the

6    interest of the class. Fed. R. Civ. P. 23(a)(4). Rule 23(a)(4) involves resolving two questions: "(1)

7    Do the representative plaintiffs and their counsel have any conflicts of interest with other class

8    members, and (2) will the representative plaintiffs and their counsel prosecute the action

9    vigorously on behalf of the class?" *Staton v. Boeing Co*., 327 F.3d 938, 957 (9th Cir. 2003).

10   Plaintiffs and their counsel meet both requirements.

11           **a.      There is no Evidence of Conflict**

12           There is no conflict where the class is "not divided into conflicting discrete categories"

13   and where "each potential plaintiff has the same problem." *Hanlon v. Chrysler Corp*., 150 F.3d

14   1011, 1021 (9th Cir. 1998). "Only conflicts that are fundamental to the suit and that go to the

15   heart of the litigation prevent a plaintiff from meeting the Rule 23(a)(4) adequacy requirement."

16   *In re Online DVD-Rental Antitrust Litig*., 779 F.3d 934, 942 (9th Cir. 2015) (citing 1 William B.

17   Rubenstein et al., *Newberg on Class Actions* § 3.58 (5th ed. 2011)). The Ninth Circuit disfavors

18   denial of class certification "on the basis of speculative conflicts." *Cummings v. Connell*, 316

19   F.3d 886, 896 (9th Cir. 2003) (finding speculative conflicts did not justify denial of class

20   certification); *In re Online DVD-Rental Antitrust Litig*., 779 F.3d at 942 (same). "The mere

21   potential for a conflict of interest is not sufficient to defeat class certification; the conflict must be

22   actual, not hypothetical." *In re Nat'l Collegiate Athletic Ass'n Athletic Grant-In-Aid Cap*

23   *Antitrust Litig*., 311 F.R.D. 532, 541 (N.D. Cal. 2015). In order to find a conflict, the defendant

24   needs to "present [] actual fundamental conflicts between Plaintiffs and the proposed class."

25   *Berrien v. New Raintree Resorts Int'l, LLC*, 276 F.R.D. 355, 361 (N.D. Cal. 2011); *In re Nat'l*

26   *Collegiate*, 311 F.R.D. at 541 (rejecting defendant's speculation about intra-class conflicts).

27           In ERISA actions, courts have found no conflict where on the fundamental issue of the

28   case, "Plaintiffs' interest in prevailing on the merits is coextensive with the interests of proposed

1   class members." *Hurtado*, 2019 WL 1771797, at *8; *Barnes*, 270 F.R.D. at 495 (finding that

2   where named plaintiff's "interests are completely aligned with the class regarding the central

3   issue," issues including certain affirmative defenses did not create a conflict). Here, the claims

4   seek to establish that the ESOP and thus its participants are entitled to recovery of the losses

5   resulting from the alleged prohibited transactions and fiduciary breaches. *See Kanawi*, 254 F.R.D.

6   at 111 (finding plaintiffs adequate where they shared with the class "the incentive to maximize

7   the recovery of the Plan"). Plaintiffs and the Class share the same interest in prevailing on the

8   claims, maximizing recovery to the ESOP, and ensuring its administration in accordance with

9   law.

10      Defendants' Responses to Plaintiffs' Interrogatories assert that Plaintiffs are not adequate

11   class representatives because of "their animus toward Responding Parties and their agents." Ex. L

12   at No. 4. In the Ninth Circuit, the animus of a named plaintiff renders him or her inadequate only

13   if such animus "would preclude the possibility of a suitable settlement" on the behalf of the class.

14   *Kayes v. P. Lumber Co.*, 51 F.3d 1449, 1464 (9th Cir. 1995); *Taylor v. Fedex Freight, Inc.*, 13-

15   CV-1137-LJO-BAM, 2015 WL 2358248, at *9 (E.D. Cal. May 15, 2015) (citing *Kayes* and

16   finding plaintiff adequate), *report and recommendation adopted*, 1:13-CV-01137-LJO, 2015 WL

17   4557412 (E.D. Cal. July 27, 2015). Matters bearing no relevance to this standard do not serve as a

18   basis for finding inadequacy. *Akaosugi v. Benihana Nat'l Corp.*, C 11-01272 WHA, 2012 WL

19   1657099, at *5 (N.D. Cal. May 10, 2012) (rejecting defendant's argument that named plaintiff

20   had "unique motives" because she had been issued write-up "based on a customer complaint she

21   believed to be retaliatory"). As such, courts have consistently found the adequacy requirement

22   satisfied in the absence of any evidence that the named plaintiff "would be unwilling to approve a

23   reasonable settlement on behalf of the proposed class." *Brown v. NFL Players Ass'n*, 281 F.R.D.

24   437, 443 (C.D. Cal. 2012) (defendants presented no such evidence); *Taylor*, 2015 WL 2358248,

25   at *9 (no such evidence was presented); *Akaosugi*, 2012 WL 1657099, at *5 (finding no such

26   evidence). Here, Plaintiffs are willing to consider any suitable settlement on behalf of the Class.

27   Foster Decl. ¶¶ 11; Foreman Decl. ¶¶ 11. Thus, Plaintiffs have no conflicts with the Class.

28

1

### b.      Plaintiffs will Vigorously Prosecute the Claims

2        District courts in this circuit have repeated stressed the relatively low level of familiarity a

3   class representative must have to meet the adequacy requirement. *E.g., Nevarez v. Forty Niners*

4   *Football Co., LLC*, 326 F.R.D. 562, 583 (N.D. Cal. 2018) ("The threshold knowledge required of

5   the class representatives is low."); *Fernandez v. K-M Indus. Holding Co*., No. C 06-7339 CW,

6   2008 WL 2625874, at *4 (N.D. Cal. June 26, 2008) (holding ESOP class action plaintiffs

7   adequate where they "are aware of their responsibilities as class representatives… have shown

8   thus far that they are capable of fulfilling those responsibilities[, and] Defendants have provided

9   no reason to doubt that they will continue to do so"). "[T]he Ninth Circuit has never imposed a

10  knowledge requirement on class representatives at the certification stage." *Trosper v. Styker*

11  *Corp*., 13-CV-0607-LHK, 2014 WL 4145448, at *12 (N.D. Cal. Aug. 21, 2014); *Urakhchin v.*

12  *Allianz Asset Mgmt. of Am., L.P*., 815CV1614JLSJCGX, 2017 WL 2655678, at *6 (C.D. Cal.

13  June 15, 2017) (same). Such a requirement would be particularly inappropriate "in a case such as

14  this involving complicated matters of ERISA law." *Tibble v. Edison Int'l*, CV 07-5359 SVW

15  AGRX, 2009 WL 6764541, at *6 (C.D. Cal. June 30, 2009) (ERISA fiduciary duty case);

16  *Fernandez*, 2008 WL 2625874, at *3 ("If class representatives were held to such unreasonable

17  expectations, ERISA class actions would become 'a device usable only by individuals with such a

18  degree of sophistication that they would be capable of acting as their own attorneys.'"). So long

19  as the Plaintiffs have a general understanding of their claims and a willingness to pursue them,

20  that is sufficient. *Trosper*, 2014 WL 4145448, at *12 ("All that is necessary is a 'rudimentary

21  understanding of the present action and . . . a demonstrated willingness to assist counsel in the

22  prosecution of the litigation."); *Mendez v. C-Two Group, Inc*., 13-CV-05914-HSG, 2015 WL

23  8477487, at *6 (N.D. Cal. Dec. 10, 2015) ("some minimal familiarity with the litigation" is all

24  that is required).

25        Here, Plaintiffs have been actively engaged in the litigation since at least its inception.

26  They have provided documents to counsel used to draft the Complaint, the First Amended

27  Complaint, and the Second Amended Complaint. Foster Decl. ¶¶ 4-5; Foreman Decl. ¶¶ 4-5. To

28  date, they have participated in discovery, including verifying answers to interrogatories and

1    searching for documents responsive to requests for production issued by Defendants. Foster Decl.

2    ¶ 10; Foreman Decl. ¶ 10. Plaintiffs understand and are prepared to carry out the duties of class

3    representatives and are willing to pursue the claims on behalf of the Class. Foster Decl. ¶¶ 7, 9,

4    11; Foreman Decl. ¶¶ 7, 9, 11. Therefore, Plaintiffs meet the adequacy requirement of Rule

5    23(a)(4).

6                    **c.       Plaintiffs' Counsel are More Than Adequate**

7          To determine whether the named plaintiff's counsel will vigorously prosecute the action

8    on behalf of the class, courts consider the factors provided under Rule 23(g). *See Jiahao Kuang v.*

9    *U.S. Dep't of Def.*, 340 F. Supp. 3d 873, 893 (N.D. Cal. 2018) (finding counsel adequate based on

10   Rule 23(g) factors); *Patel v. Trans Union, LLC*, 308 F.R.D. 292, 307 (N.D. Cal. 2015) (same).

11   Those factors include "(i) the work counsel has done in identifying or investigating potential

12   claims in the action; (ii) counsel's experience in handling class actions, other complex litigation,

13   and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and

14   (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).

15         Both of Plaintiffs' proposed Co-Lead Class Counsel, Feinberg, Jackson, Worthman &

16   Wasow LLP and Block & Leviton LLP, are experienced in complex litigation and class action

17   cases in general and ERISA specifically. Feinberg, Jackson, Worthman & Wasow LLP and its

18   attorneys have been appointed lead or co-lead counsel in numerous complex and class-action

19   cases. Feinberg Decl. ¶¶ 3-5. The partner of the firm on this case, Dan Feinberg, has specialized

20   in employee benefits law since 1988. *Id*. ¶ 6. He has been named a "Northern California Super

21   Lawyer" for the last 15 years and a Top 100 Lawyer by Northern California Super Lawyers for

22   the last 8 years. *Id.*. He taught a course entitled "Employee Benefits Law" at Berkeley Law for

23   the spring semester in 2012. *Id.*. He has served as class counsel or co-counsel in numerous ERISA

24   class actions, including ESOP class actions such as *Neil v. Zell*, 275 F.R.D. 256 (N.D. Ill. 2011)

25   and *Pfeifer v. Wawa, Inc.,* CV 16-497, 2018 WL 2057466 (E.D. Pa. May 1, 2018).

26         Block & Leviton and its attorneys have also been appointed lead or co-lead counsel in

27   numerous complex and class-action cases. Barton Decl. ¶¶ 2-3. The Block & Leviton partner on

28   this case, Joseph Barton, is AV-rated by Martindale Hubbell and recognized as a Super Lawyer.

1    *Id.* ¶ 4. Mr. Barton has substantial experience in ERISA cases in general and the particular area of

2    ESOP-related cases. *Id.* ¶ 5. Mr. Barton has successfully tried several ERISA fiduciary breach

3    actions including ESOP cases, *id.* ¶¶ 5-6 – *e.g. Chesemore v. All. Holdings, Inc.*, 948 F. Supp. 2d

4    928, 932 (W.D. Wis. 2013) (ESOP litigation resulting in trial award of more than $17 million for

5    the class), *amended*, 09-CV-413-WMC, 2013 WL 6989526 (W.D. Wis. Oct. 16, 2013), & *aff'd*

6    *sub nom. Chesemore v. Fenkell*, 829 F.3d 803 (7th Cir. 2016), and *Severstal Wheeling, Inc. Ret.*

7    *Comm. v. WPN Corp.*, 119 F. Supp. 3d 240, 242 (S.D.N.Y. 2015) (judgment of more than $15

8    million for fiduciary plaintiffs), *aff'd sub nom. Severstal Wheeling, Inc. v. WPN Corp.*, 659 Fed.

9    Appx. 24 (2d Cir. 2016). Along with Mr. Feinberg, he was Co-Lead Class Counsel in *Pfeifer v.*

10   *Wawa, Inc.*, 2018 WL 2057466.

11          Not only do these attorneys and firms have extensive experience litigating class actions,

12   including numerous ESOP cases, they have worked diligently to litigate the claims and

13   vigorously pursued them, including defeating Defendants' motion to dismiss. Feinberg Decl. ¶ 9-

14   10; Barton Decl. ¶ 13. Further, Plaintiffs' counsel have no conflicts of interest with the Class.

15   Thus, Plaintiffs' counsel satisfy Rule 23(a)(4) and Rule 23(g).

16          **C.      The Requirements of Rule 23(b) are Satisfied**

17          In addition to satisfying the requirements of Rule 23(a), the claims must also satisfy one

18   of the subsections of Rule 23(b). Fed. R. Civ. P. 23(b). While only one of the conditions of Rule

19   23(b) must be satisfied, if more than one of the alternatives are met, then the court may certify the

20   action under each alternative. *Officers for Justice v. Civil Serv. Comm'n. of S. F.*, 688 F.2d 615,

21   632-35 (9th Cir. 1982) (approving class certification under both 23(b)(2) and 23(b)(3)); *Wit v.*

22   *United Behavioral Health*, 317 F.R.D. 106, 134, 138, 141 (N.D. Cal. 2016) (certifying ERISA

23   action under Rule 23(b)(1), (2), and (3)). This case meets the requirements of all three sections.

24          **1.      The Requirements of Rule 23(b)(1) are Satisfied**

25          A class may be certified under Rule 23(b)(1) if "prosecuting separate actions by or against

26   individual class members would create a risk of (A) inconsistent or varying adjudications with

27   respect to individual class members that would establish incompatible standards of conduct for

28   the party opposing the class; or (B) adjudications with respect to individual class members that, as

1   a practical matter, would be dispositive of the interests of the other members not parties to the

2   individual adjudications or would substantially impair or impede their ability to protect their

3   interests. Fed. R. Civ. P. 23(b)(1). "Most ERISA class actions are certified under Rule 23(b)(1)"

4   and "ERISA [fiduciary] litigation . . . presents a paradigmatic example of a (b)(1) class." *Kanawi*,

5   254 F.R.D. at 111, 112; "Certification under Rule 23(b)(1) is particularly appropriate in cases

6   involving ERISA fiduciaries who must apply uniform standards to a large number of

7   beneficiaries." *Norris v. Mazzola*, 15-CV-04962-JSC, 2017 WL 6493091, at *5 (N.D. Cal. Dec.

8   19, 2017) (Corley, J.) (quoting *Wit*, 317 F.R.D. at 132-33 and certifying ERISA claims under

9   Rule 23(b)(1)).

10          **a.      Certification under Rule 23(b)(1)(A) is Appropriate**

11          Certification under Rule 23(b)(1)(A) applies in "cases where the party is obliged by law to

12   treat the members of the class alike […], or where the party must treat all alike as a matter of

13   practical necessity[.]" *Amchem*, 521 U.S. at 614 (citing 1966 Committee Note to Rule 23 to

14   explain that the clause should be used to achieve a "unitary adjudication: when an individual

15   seeks a determination concerning particular rights or duties which affect other individuals."). The

16   Ninth Circuit has affirmed certification of ERISA claims under Rule 23(b)(1)(A) even when the

17   claims seek monetary relief. *Moyle*, 823 F.3d at 965 (affirming certification of ERISA claims

18   under Rule 23(b)(1)(A)). ERISA claims are often certified under (b)(1)(A) because ERISA

19   "requires plan administrators to treat all similarly situated participants in a consistent manner."

20   *Hurtado*, 2019 WL 1771797, at *10 (certifying ERISA claims involving ESOP Transaction under

21   Rule 23(b)(1)(A) where "[c]onflicting interpretations by separate tribunals could result in

22   countervailing directives to the ESOP fiduciaries"). As a result, if even some of the class

23   members were "forced to adjudicate individually, there would be a significant risk of inconsistent

24   judgments." *Cryer*, 2017 WL 4023149, at *6 (certifying ERISA breach of fiduciary duty and

25   prohibited transaction claims under Rule 23(b)(1)); *Norris*, 2017 WL 6493091, at *5 (certification

26   was appropriate under Rule 23(b)(1) for breach of fiduciary duty claim as risk of conflicting

27   judgements "would be inconsistent with federal law which requires that pension plan terms and

28   conditions be applied in a manner consistent to all participants"). Here, Plaintiffs' claims alleging

1  breaches of fiduciary duty, prohibited transactions, and other violations for which the Court's

2  decision will have the same answer for the entire Class. Separate lawsuits have the potential for

3  conflicting decisions that would make uniform administration of the Plan impossible. Such

4  inconsistent decisions would affect not only Defendants, but also any subsequent fiduciary

5  (including one appointed by this Court). Thus, certification under Rule 23(b)(1)(A) is appropriate.

6                    **b.      Certification under Rule 23(b)(1)(B) is Appropriate**

7         Certification under Rule 23(b)(1)(B) is appropriate in actions where if the action was

8  litigated individually instead of as a class, it "would have the practical if not technical effect of"

9  concluding or impairing the interests of persons who are not parties to the lawsuit. *Ortiz v.*

10  *Fibreboard Corp*., 527 U.S. 815, 833 (1999). One "classic example" of such a case is "the

11  adjudication of the rights of all participants in a fund in which the participants had common

12  rights." *Id*. at 834 n.14. Another "classic example" is "an action which charges a breach of trust

13  by a [ ] . . . trustee or other fiduciary similarly affecting the members of a large class of security

14  holders or their beneficiaries, and which requires an accounting or like measures to restore the

15  subject of the trust." 1966 Committee Note to Rule 23. The ERISA claims in this case are such

16  "classic examples."

17         As courts in this Circuit have observed with respect to breach of fiduciary duty and

18  prohibited transactions claims involving ESOPs, "the shared character of rights claimed or relief

19  awarded entails that any individual adjudication by a class member disposes of, or substantially

20  affects, the interests of absent class members." *Hurtado*, 2019 WL 1771797, at *10; *McCluskey v.*

21  *Trs. of Red Dot Corp. Emp. Stock Ownership Plan and Tr*., 268 F.R.D. 670, 677 (W.D. Wash.

22  2010) (finding certification under Rule 23(b)(1)(B) appropriate where "[t]he relief which

23  plaintiffs seek from defendants would ensure that an express provision of the Plan (regarding

24  lump-sum payments of benefits) is carried out").

25         This analysis applies particularly to claims challenging ESOP Transactions "[b]ecause

26  Defendants cannot manage the [ESOP] in an individualized fashion for each [ESOP]

27  [P]articipant," because the relief that any "individual plaintiff obtains would be applied to the

28  [ESOP] as a whole." *Hurtado*, 2019 WL 1771797, at *10 (certifying claims challenging ESOP

Transaction). The claims here are similarly, if not even more suitable for class certification under Rule 23(b)(1)(B). The Complaint challenges a single ESOP transaction, focused entirely on action and conduct by Defendants and about which Plaintiffs had no involvement. A determination in this action about participants' rights or Defendants' conduct will necessarily affect the rights of other participants in the ESOP and any monetary relief paid to the ESOP. Thus, certification under Rule 23(b)(1)(B) is likewise appropriate here.

### c.   Rule 23(b)(1) Applies to ERISA Claims Seeking Monetary Equitable Relief

The Ninth Circuit has recognized that ERISA claims seeking monetary relief are appropriate for certification under Rule 23(b)(1). *Moyle*, 823 F.3d at 965 (affirming certification of ERISA claims). District Courts in this Circuit have certified such claims as well. *E.g., Barnes*, 270 F.R.D. at 496 (certifying claims for declaratory and monetary relief under Rule 23(b)(1)); *Hurtado*, 2019 WL 1771797, at *10 (certifying under Rule 23(b)(1) ERISA claims seeking monetary equitable remedies of disgorgement and declaratory and injunctive relief); *Marshall,* 2017 WL 6888281, at *10 (same). For Defendants' fiduciary breaches and other violations, the Complaint seeks a variety of equitable relief, including remedies resulting in equitable monetary relief (such as the imposition of constructive trusts or disgorgement) and declaratory relief (such as voiding prohibited transactions and indemnification provisions) as well as other injunctive relief. 2d Am. Compl. at Prayer for Relief ¶¶ A-M, P.

### 2.   The Requirements of Rule 23(b)(2) are Satisfied

Class certification under Rule 23(b)(2) is appropriate when (1) "the party opposing the class has acted or refused to act on grounds that apply generally to the class" and (2) "final injunctive relief or declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The requirements of Rule 23(b)(2) are met if the class complains of a conduct by the defendant that "is generally applicable to the class as a whole . . . [e]ven if some class members have not been injured by the challenged practice." *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998); *see Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010) ("The fact that some class

members may have suffered no injury or different injuries from the challenged practice does not prevent the class from meeting the requirements of Rule 23(b)(2)").

### a.   Defendants Have Acted or Refused to Act on Grounds that Apply Generally to the Class

"Action or inaction is directed to a class within the meaning of [Rule 23(b)(2)] even if it has taken effect or is threatened only as to one or a few members of the class, provided it is based on grounds which have general application to the class." 1966 Committee Notes to Rule 23(b)(2). In the context of an ERISA plan where the fiduciaries must treat similarly situated participants in a consistent manner, this requirement is readily met. *Barnes*, 270 F.R.D. at 497; *see Wit*, 317 F.R.D. at 136 (N.D. Cal. 2016) (finding certification under Rule 23(b)(2) appropriate where guidelines for claims administration "constitute 'shared grounds' for all of the members of the proposed classes to proceed on a collective basis"). Here, where the underlying ESOP transaction was the same for all class members, there should be little dispute that Defendants acted on grounds generally applicable to the class regarding Plaintiffs' claims.

### b.   The Claims Seek Injunctive and Declaratory Relief

Rule 23(b)(2) applies to cases that seek "injunctive or declaratory relief" for the class. *Dukes*, 564 U.S. at 360–61 ("The key to the (b)(2) class is the 'indivisible nature of the injunctive or declaratory remedy warranted'" such as "conduct that was remedied by a single classwide order."). Certification under Rule 23(b)(2) is appropriate "when a single injunction or declaratory judgment would provide the relief to each member of the class." *Id*. at 360. In this case, the relief primarily, if not exclusively, consists of declaratory and injunctive relief (including as to any monetary relief) and any monetary relief merely flows as a natural consequence of the requested declaratory and injunctive relief.

ERISA § 502(a) permits a participant to obtain either an injunction, a declaration or "other appropriate equitable relief" to redress violations or to enforce ERISA or the terms of the plan. *CIGNA Corp. v. Amara*, 563 U.S. 421, 441–42 (2011) (concluding "injunctions requir[ing] the plan administrator to pay to already retired beneficiaries money owed them under the plan as reformed" was appropriate equitable relief); *Franchise Tax Bd. of State of Cal. v. Constr.*

*Laborers Vacation Tr. for S. Cal*., 463 U.S. 1, 26-27 (1983) ("Under § 502(a)(3)(B) of ERISA, a participant … may bring a declaratory judgment action in federal court"). Merely because a claim results in monetary relief does not mean that the relief sought is not equitable. *See Berger v. Xerox Corp. Ret. Income Guarantee Plan*, 338 F.3d 755, 763 (7th Cir. 2003) (holding Rule 23(b)(2) is satisfied even where a declaratory judgment is "merely a prelude to a request for" monetary relief). Re-affirming the validity of that rationale after *Dukes*, the Seventh Circuit concluded that an ERISA case was properly certified under 23(b)(2):

> [A] declaration of the rights that the plan confers and an injunction ordering [defendant] to conform the text of the plan to the declaration. If once that is done the award of monetary relief will just be a matter of laying each class member's [plan] records alongside the text of the reformed plan and computing the employee's entitlement by subtracting the benefit already credited it to him from the benefit to which the reformed plan document entitles him, the monetary relief will truly be merely "incidental" to the declaratory and (if necessary) injunctive relief (necessary only if [defendant] ignores the declaration).

*Johnson v. Meriter Health Servs. Emp. Ret. Plan*, 702 F.3d 364, 371 (7th Cir. 2012); *see Amara, v. CIGNA Corp.*, 775 F.3d 510, 523 (2d Cir. 2014) (affirming Rule 23(b)(2) certification in ERISA action because "[w]hen the plan is reformed . . . monetary benefits flow as a necessary consequence of that injunction"). The fact that the declaratory or injunctive relief "takes the form of a money payment does not remove it from the category of traditionally equitable relief." *Amara*, 563 U.S. at 441-42 (concluding "injunctions requir[ing] the plan administrator to pay to already retired beneficiaries money owed them under the plan as reformed" was appropriate equitable relief).

Here, the primary relief sought is declaratory and injunctive relief. Such relief consists of, for example, the declarations that Defendants have breached their fiduciary duties and that the Selling Shareholder Defendants have engaged in prohibited transactions. *See* 2d Am. Compl. at Prayer for Relief ¶¶ A-E, H. The other relief requested here such as orders requiring Defendants to restore all the losses resulting from their breaches and violations to the ESOP and disgorge all profits and imposing a constructive trust on funds wrongfully held by Defendants is also accomplished by declarations or injunctions as follows:

1

*Disgorgement:* "Nothing is more clearly a part of the subject matter of a suit for an

2

injunction than the recovery of that which has been illegally acquired and which has given rise to

3

the necessity for injunctive relief." *Porter v. Warner Holding Co.*, 328 U.S. 395, 399 (1946)

4

(concluding order for return of illegal rents is injunctive relief); *Harris Tr. and Savings Bank v.*

5

*Salomon Smith Barney, Inc.*, 530 U.S. 238, 250–53 (2000) (explaining in an ERISA case that the

6

return of monies wrongfully transferred is done by an injunction). As a result, courts have

7

characterized disgorgement as "a continuing injunction." *S.E.C. v. AMX, Int'l*, 7 F.3d 71, 76 n.8

8

(5th Cir. 1993).

9

    *Constructive Trust:* A constructive trust is obtained when the court "declares [the

10

defendant] to be [the] constructive trustee, [and] then orders him as trustee to make a transfer of

11

the property to the beneficiary of the constructive trust, the plaintiff." Dan B. Dobbs, *The Law of*

12

*Remedies* § 4.3(2) at 393 (2d ed. 1993) (emphasis added); George G. Bogert, et al., *The Law Of*

13

*Trusts And Trustees* § 471 (2008) (explaining that a constructive trust is accomplished "by merely

14

issuing a decree that the defendant convey" property to the plaintiff).

15

    As payment of money in this suit would be the automatic consequence of the declaratory

16

and injunctive relief obtained by Plaintiffs, these claims are ideally suited for certification under

17

Rule 23(b)(2).

18

        **3.**      **The Requirements of Rule 23(b)(3) are Satisfied**

19

    Certification under Rule 23(b)(3) is appropriate if (1) common questions predominate

20

over any questions affecting only individual members, and (2) class resolution is superior to other

21

available methods for the fair and efficient adjudication of claims. Fed. R. Civ. P. 23(b)(3). But

22

an action should be certified under Rule 23(b)(3) only if the court concludes that the requirements

23

of Rule 23(b)(1) or (2) are not met. *Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 119 (3d Cir.

24

1990) ("[A]n action maintainable under both (b)(2) and (b)(3) should be treated under (b)(2) to

25

enjoy its superior res judicata effect and to eliminate the procedural complications of (b)(3),

26

which serve no useful purpose under (b)(2)."); *Reynolds v. Nat'l Football League*, 584 F.2d 280,

27

284 (8th Cir. 1978) ("[W]hen the choice exists between (b)(1) and (b)(3) certification, generally it

28

is proper to proceed under (b)(1) exclusively in order to avoid inconsistent adjudication or a

1   compromise of class interests."). If the Court finds that certification is not proper under Rule

2   23(b)(1) or (b)(2), the Court should certify the class under 23(b)(3).

3               **a.      Common Issues of Law and Fact Predominate**

4        Rule 23(b)(3) requires that "common questions predominate over any questions affecting

5   only individual members." Predominance "asks whether the common, aggregation-enabling,

6   issues in the case are more prevalent or important than the non-common, aggregation-defeating,

7   individual issues." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016). When the

8   common questions "present a significant aspect of the case and . . . can be resolved for all

9   members of the class in a single adjudication," predominance is met. *Hanlon*, 150 F.3d at 1022.

10  When "[a] common nucleus of facts and potential legal remedies dominates th[e] litigation,"

11  common issues predominate. *Id.*; *see Just Film, Inc. v. Buono*, 847 F.3d 1108, 1120 (9th Cir.

12  2017) (finding predominance where claims "arise from a course of conduct that impacted the

13  class"). Even if calculation of monetary relief was an issue (which it is not), it is "well settled"

14  that "damage calculations alone cannot defeat certification." *Vaquero v. Ashley Furniture Indus.,*

15  *Inc*., 824 F.3d 1150, 1155 (9th Cir. 2016) (citing *Yokoyama v. Midland Nat'l Life Ins. Co*., 594

16  F.3d 1087, 1094 (9th Cir. 2010) and affirming class certification).

17       Courts in this Circuit have found that common issues predominate over individual ones in

18  the context of ERISA claims. *E.g., Allbaugh v. Cal. Field Ironworkers Pen. Tr*., 2:12-CV-00561-

19  JAD, 2014 WL 3814026, at *7 (D. Nev. Aug. 4, 2014) (finding certification under Rule 23(b)(3)

20  appropriate where questions of "whether the amendment was invalid, and if so, whether passing

21  such an amendment breached the Plan's fiduciary duty to plan participants" predominated);

22  *Fremont Gen. Corp. Litig.*, No. 2:07-cv-02693-JHN-FFMx., 2010 WL 3168088, *7 (C.D. Cal.

23  Apr. 15, 2010) (holding common issues driving liability predominated for breach of fiduciary

24  duty claims regarding ESOP plan assets and related co-fiduciary and failure to monitor claims);

25  *In re Comput. Scis. Corp. ERISA Litig*., 2008 WL 7527872, at *4 (same). Here, common issues

26  predominate with respect to Plaintiffs' prohibited transaction and breach of fiduciaries claims and

27  ERISA § 410 claim as the conduct by Defendants (e.g., their breaches and self-dealing) and the

28  illegality of the indemnification provisions at issue were identical with respect to each Class

1   member. The appropriate remedy will be a plan-wide or class-wide remedy and have a

2   participant-wide effect (even if this case was not certified as a class). Relief obtained for the Plan,

3   whether in the form of a constructive trust, disgorgement, an accounting, monetary relief, or other

4   remedial or equitable relief, will be common to each and every participant in the class.

5          Finally, the Ninth Circuit affirmed certification of an ERISA § 102 claim where the SPDs

6   were sent to the entire class and because no showing of individual reliance is necessary. *Moyle*,

7   823 F.3d at 964–66; *see also Osberg v. Foot Locker,* Inc., 07-CV-1358 KBF, 2014 WL 5796686,

8   at \*4 (S.D.N.Y. Sept. 24, 2014), (rejecting argument that individual reliance on alleged

9   misrepresentation prohibited certification under (b)(3) as foreclosed by *Amara*), *adhered to*, 07-

10  CV-1358 (KBF), 2014 WL 5800501 (S.D.N.Y. Nov. 7, 2014). Thus, common issues regarding

11  the Plan Administrator's failure to furnish an updated SPD (in addition to breach of its duty to

12  inform participants under ERISA § 404(a)) under the Fourth Claim for Relief predominate.

13         Accordingly, issues of law and fact common to all class members predominate over issues

14  that may only affect individual members.

15                    **b.       A Class Action is Superior to Other Methods of Adjudication**

16         Superiority merely measures whether "a class action is superior to other available methods

17  for the fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Superiority

18  "requires the court to determine whether maintenance of this litigation as a class action is efficient

19  and whether it is fair." *Wolin v. Jaguar Land Rover N.A., LLC*, 617 F.3d 1168, 1175–76 (9th Cir.

20  2010). Rule 23(b)(3) identifies the following factors to consider: (A) class members' interest in

21  individually controlling the prosecution or defense of separate actions; (B) the extent and nature

22  of any litigation concerning the controversy already begun by or against class members; (C) the

23  desirability or undesirability of concentrating the litigation of the claims in the particular forum;

24  and (D) the likely difficulties in managing of a class action. Fed. R. Civ. P. 23(b)(3).

25         The first factor is met "[w]here recovery on an individual basis would be dwarfed by the

26  cost of litigating on an individual basis." *Wolin*, 617 F.3d at 1175–76. The cost of litigating a

27  complex case of this kind involving ESOP transactions dwarfs the individual entitlement to relief

28  any individual class member would possess. *See Wit*, 317 F.R.D. at 140 (finding superiority for

1   ERISA claims where while individual recovery amounts were "not insignificant, they pale in

2   comparison to the expense of bringing a legal challenge . . . in an individual legal action").

3   Second, there is no other pending litigation. Third, concentrating the claims in this District is

4   desirable as Adams has a significant presence and a Job Corps center in and many class members,

5   including Plaintiffs, are located here and Defendants admit that venue and jurisdiction are proper.

6   2d Am. Compl. & Answ. ¶¶ 5, 7-8. Fourth, as all of the issues are common, and there are no

7   manageability issues that would weigh against certification – certainly not compared to the

8   prospect of managing hundreds of individual actions brought by class members, or of managing a

9   case with hundreds of individually joined plaintiffs. *See Munday v. Navy Fed. Credit Union, No*.

10   SACV151629JLSKESX, 2016 WL 7655807, at *5 (C.D. Cal. Sept. 15, 2016) (holding

11   superiority met where "the court would be substantially burdened if even a fraction of putative

12   class members pursued individual claims"). Finally, there is a "well-settled presumption that

13   courts should not refuse to certify a class merely on the basis of manageability concerns."

14   *Briseno*, 844 F.3d at 1128 (citing *Mullins v. Direct Dig., LLC*, 795 F.3d 654, 663 (7th Cir. 2015)

15   and I*n re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 140 (2d Cir. 2001)

16   (Sotomayor, J.) (listing management tools)).

17   **IV.    CONCLUSION**

18        For the foregoing reasons, Plaintiffs' motion for class certification under Fed. R. Civ. P.

19   23(a), (b)(1) and (b)(2), or, alternatively, (b)(3) should be granted.

20

21

22

23

24

25

26

27

28

Dated: June 27, 2019

Respectfully submitted,

_____
Vincent Cheng
E-Mail: vincent@blockesq.com
Block & Leviton LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Tel: 415-968-8999
Fax: (617) 507-6020

R. Joseph Barton
Email: jbarton@blockesq.com
BLOCK & LEVITON LLP
1735 20th Street, N.W.
Washington, DC 20009
Tel: (202) 734-7046
Fax: (617) 507-6020

Daniel Feinberg
Email: dan@feinbergjackson.com
FEINBERG, JACKSON, WORTHMAN &
WASOW LLP
2030 Addison Street, Suite 500
Berkeley, CA 94704
Tel: (510) 269-7998
Fax: (510) 269-7994


*Attorneys for Plaintiffs*