UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL FOSTER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ADAMS AND ASSOCIATES, INC., et al.,<br><br>    Defendants. | Case No.18-cv-02723-JSC<br><br>**AMENDED ORDER RE: PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Re: Dkt. No. 79 |

Plaintiffs Carol Foster and Theo Foreman bring a class action suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, on behalf of participants and beneficiaries of the Adams and Associates Employee Stock Ownership Plan ("ESOP"). Plaintiffs allege that Adams and Associates, Inc., Roy A. Adams, Leslie G. Adams, Daniel B. Norem, Joy Curry Norem, and The Daniel Norem Revocable Trust Dated January 9, 2002, (collectively "Defendants") breached their fiduciary duty to the Plaintiffs, participated in prohibited transactions, and failed to make required disclosures. Plaintiffs' motion for class certification is now pending before the Court.[1] (Dkt. No. 79.) Defendants' only opposition to Plaintiffs' motion is that Plaintiff Carol Foster is not an adequate class representative. (Dkt. No. 80.) Having considered the parties' briefs and having had the benefit of oral argument on August 29, 2019, the Court GRANTS the motion for class certification as set forth below.

//

//

//

---

[1] All parties have consented to the jurisdiction of a magistrate judge. (Dkt. Nos. 6, 20, 44, 53, 54.)

**BACKGROUND**

**A. Factual Background**

Adams and Associates purports to be one of the "largest private sector entities involved in the federal Job Corps program." (First Amended Complaint ("FAC"), Dkt. No. 40 at ¶ 18. [2]) Plaintiffs are participants in the Adams and Associates ESOP from October 2012 or any time thereafter who vested under the Plan terms.

Plaintiffs' claims arise out of a transaction in or about October 2012 in which Defendants Roy A. Adams, Leslie G. Adams, and The Daniel Norem Revocable Trust dated January 9, 2002 sold 100% of the stock of Adams and Associates, Inc ("the October 2012 Transaction") to the Adams ESOP as well as alleged subsequent breaches by the Adams ESOP fiduciaries. (*Id*. at ¶ 2.) Plaintiffs allege that the transaction was "not in the best interests of the ESOP participants," that it was "implemented by a Trustee who was a felon and was later incarcerated for stealing from other ESOPs and caused the ESOP to pay in excess of fair market value." (*Id*.) Adams and Associates and Roy A. Adams, Leslie G. Adams, and Daniel Norem ("the Director Defendants") knew and failed to disclose that the ESOP Trustee, Alan Weissman, was a felon. (*Id*.) As a result of Defendants' fiduciary breaches "Plaintiffs and the Class have not received all of the hard-earned retirement benefits or the loyal and prudent management of the ESOP to which they are entitled." (*Id*.)

Plaintiff Carol Foster was employed as a Security Advisor by Adams and Associates from February 2015 through March 2018 at the Treasure Island Job Corps Center in San Francisco, California. (*Id*. at ¶ 6.) Plaintiff Theo Foreman is a current employee of Adams and Associates, and has worked at the Treasure Island Job Corps Center in San Francisco as a Center Shift Manager since June 2009. (*Id*. at ¶ 7.) By virtue of Foster and Foreman's employment with Adams and Associates they became participants in the Adams ESOP under ERISA § 3(7), 29 U.S.C. § 1002(7). (*Id*. at ¶¶ 6-7.)

//

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

2

**B. Procedural Background**

Plaintiffs filed this action in May 2018 alleging that Defendants collectively committed multiple ERISA violations including (1) prohibited transactions by Roy Adams, Leslie Adams, Daniel Norem, the Norem Trust, and Weissman under 29 U.S.C. § 1106(a); (2) prohibited transactions by Roy Adams, Leslie Adams, Daniel Norem, and the Norem Trust (the "Selling Shareholder Defendants" under 29 U.S.C. §§ 1106(a)-(b); (3) breach of fiduciary duty by Weissman under 29 U.S.C. §§ 1104(a)(1)(A)-(B); (4) breach of fiduciary duty by Roy Adams, Leslie Adams and Daniel Norem under 29 U.S.C. §§ 1104(a)(1)(A)-(B), (D); (5) failure to make required disclosures by Adams and Associates under 29 U.S.C. §§ 1022, 1024(b)(1), 1104(a)(1)(A)-(B); and (6) that Roy Adams, Leslie Adams and Daniel Norem created a prohibited indemnification agreement for Weissman under 29 U.S.C. § 1110(a).[3] (Dkt. Nos. 1 & 40.) Plaintiffs seek to restore losses from the ESOP, disgorge Defendants' profits from the ESOP, and other equitable relief. (*Id.* ¶ 1.) Plaintiffs also request a long list of additional remedies including: (1) declaratory relief regarding each of the claims; (2) injunctive relief; (3) orders requiring disclosures and pertinent information; (4) monetary damages relating to ESOP losses; (5) equitable relief, including accountings; (6) attorney fees and costs; and (7) any further relief the Court finds appropriate. (*Id.* at 25-27.)

The Court denied the motion to dismiss of Adams and Associates, Roy A. Adams, Leslie G. Adams, and Daniel B. Norem for failure to state a claim and as barred by the statute of limitations. (Dkt. No 61.) Defendants thereafter answered the complaint. (Dkt. No. 70.) The now pending motion for class certification followed. (Dkt. No. 79.)

**DISCUSSION**

Plaintiffs seek certification of a class of all participants in the Adams and Associates ESOP from October 25, 2012 or any time thereafter, who vested under the terms of the ESOP, along with the participants' beneficiaries. The class definition excludes Defendants and their immediate family, any fiduciary of the ESOP, the officers and directors of Adams and Associates, Inc. or of

---

[3] Defendant Alan Weissman's widow, Janet Weissman, was substituted for him following his death, but Plaintiffs subsequently voluntarily dismissed all claims as to her. (Dkt. Nos. 36 & 45.)

any entity in which a Defendant has a controlling interest, and legal representatives, successors, and assigns of any such excluded persons.

**I. Legal Standard**

"Federal Rule of Civil Procedure 23 governs the maintenance of class actions in federal court." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 (9th Cir. 2017). To succeed on their motion for class certification, Plaintiffs must satisfy the threshold requirements of Federal Rule of Civil Procedure 23(a) as well as the requirements for certification under one of the subsections of Rule 23(b). *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012). Rule 23(a) provides that a case is appropriate for certification as a class action if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "[A] party must not only be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a)," but "also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast v. Behrend*, 569 U.S. 27, 133 S.Ct. 1426, 1432 (2013) (internal quotation marks, citations, and emphasis omitted).

Plaintiffs contend that the putative class satisfies Rule 23(b)(1), Rule 23(b)(2) and Rule 23(b)(3). Certification under Rule 23(b)(1) is proper "where prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Certification under 23(b)(1) is typical for ERISA class actions. *See Harris v. Amgen,*

4

1  *Inc.*, 2016 WL 7626161, at *4 (C.D. Cal. Nov. 29, 2016); *Kanawi v. Bechtel Corp.*, 254 F.R.D.
2  102, 111 (N.D. Cal. 2008).

3  Certification under Rule 23(b)(2) requires that "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." For certification under Rule 23(b)(2), Plaintiffs must show that "declaratory relief is available to the class as a whole" and that the challenged conduct is "such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011).

Finally, certification under Rule 23(b)(3) requires: (i) that the questions of law or fact common to class members predominate over any questions affecting only individual members; and (ii) that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997). The test of Rule 23(b)(3) is "far more demanding," than that of Rule 23(a). *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010) (quoting *Amchem*, 521 U.S. at 623–24).

## II. Analysis

### A. Plaintiffs Have Satisfied Rule 23(a)

The Court may certify a class only where "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(A). Defendants do not dispute that the numerosity, commonality, and typicality requirements are satisfied.

### i. Numerosity

A putative class satisfies the numerosity requirement "if the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Impracticability is not impossibility, and instead refers only to the "difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913–14 (9th Cir. 1964) (citation omitted). "While there is no fixed number that satisfies the numerosity requirement, as a

5

general matter, a class greater than forty often satisfies the requirement, while one less than twenty-one does not." *Ries v. Ariz. Beverages USA LLC*, 287 F.R.D. 523, 526 (N.D. Cal. Nov. 27, 2012). Defendants' responses to Plaintiffs' interrogatories identified 2,766 vested plan participants. (Dkt. No. 79-13 at 4.) The numerosity requirement is thus easily satisfied.

### ii. Commonality

"[C]ommonality requires that the class members' claims depend on a common contention such that 'determination of its truth or falsity will resolve an issue that is central to the validity of each [claim] in one stroke.'" *Mazza*, 666 F.3d at 588–89 (quoting *Dukes*, 131 S.Ct. at 2551). "The plaintiff must demonstrate the capacity of classwide proceedings to generate common answers to common questions of law or fact that are apt to drive the resolution of the litigation." *Id.* (internal quotation marks and citation omitted). To that end, the commonality requirement can be satisfied "by even a single question." *Trahan v. U.S. Bank Nat'l Ass'n*, No. C 09-03111 JSW, 2015 WL 75139, at *5 (N.D. Cal. Jan. 6, 2015). It is not necessary that "[a]ll questions of fact and law... be common to satisfy the rule." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). The Ninth Circuit has found "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.* "[T]he commonality requirements asks us to look only for some shared legal issue or a common core of facts." *Id.* Ultimately, commonality "requires the plaintiff to demonstrate the class members have suffered the same injury." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1029 (9th Cir. 2012) (quoting *Dukes*, 131 S.Ct. at 2551).

Plaintiffs satisfy the commonality requirement because they share common legal questions: (1) for purposes of the first and second claims for relief: whether the Selling Shareholder Defendants engaged in prohibited transactions under ERISA §§ 406(a)(1)(A), (b), and (d) or § 406(b); (2) for purposes of the third claim for relief: whether the Director Defendants breached their fiduciary duties under ERISA § 404(a); (3) for purposes of the fourth and fifth claims for relief, whether the Director Defendants breached their fiduciary duties under § 404(a) and §§ 102 and 104(b) by failing to notify the ESOP participants regarding Weissman's removal as Trustee and failing to update the Summary Plan Description; and (4) for purposes of the sixth

claim for relief, whether the indemnification provisions in Alan Weissman's engagement agreement violates § 410.

Accordingly, the Court finds the commonality requirement satisfied.

### iii. Typicality

Rule 23(a)(3) also requires that "the [legal] claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Typicality refers to the nature of the claim or defense of the class representative and not on facts surrounding the claim or defense." *Hunt v. Check Recovery Sys., Inc.*, 241 F.R.D. 505, 510 (N.D. Cal. 2007) (citing *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Evon*, 688 F.3d at 1030 (internal quotation marks and citation omitted). The typicality requirement ensures that "the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158 n.13 (1982). Like the commonality requirement, the typicality requirement is "permissive" and requires only that the representative's claims are "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

Plaintiffs' claims here are typical and there are no unique defenses which would preclude certification. Plaintiffs allege that Defendants breached their duties as to every ESOP Plan participant and that they have all been injured in the same way. *See In re Syncor ERISA Litig.*, 227 F.R.D. 338, 344 (C.D. Cal. 2005) (finding typicality in § 502(a)(2) suit because "each of the plaintiffs was a Syncor employee and participated in the Plan during the class period"). "If Plaintiffs' claim is successful, all class members suffered the same injury through the same course of conduct. None of the facts or legal claims are unique to the named Plaintiffs. The complaint is based on allegations and recovery that address the Plan as a whole, not individual claimants. If recovery is received and paid to the Plan, it is the responsibility of the Plan fiduciaries to determine the manner in which such recovery will be applied." *Kanawi v. Bechtel Corp.*, 254

F.R.D. 102, 110 (N.D. Cal. 2008).

The typicality requirement is therefore satisfied.

### iv. Adequacy of Representation

Rule 23(a)(4) imposes a requirement related to typicality: that the class representative will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court must ask: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the actions vigorously on behalf of the class?" *Evon*, 688 F.3d at 1031 (quoting *Hanlon*, 150 F.3d at 1020); *see also Brown v. Ticor Title Ins.*, 982 F.2d 386, 390 (9th Cir. 1992) (noting that adequacy of representation "depends on the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive") (citations omitted); Fed. R. Civ. P. 23(g)(1)(B) (stating that "class counsel must fairly and adequately represent the interests of the class").

Defendants only challenge to Plaintiffs' class certification motion is a challenge to the adequacy of Carol Foster as a class representative. Defendants insist that Ms. Foster is inadequate because of her animus toward Adams & Associates and the likelihood that she will refuse to sign a suitable settlement offer. Defendants emphasize that Ms. Foster submitted written responses/objections to her 2015 and 2016 performance evaluations challenging statements in the evaluations and that she declined to sign her 2016 evaluation. Defendants also cite to Ms. Foster's refusal to sign an ergonomic evaluation form and that she referred to exercising her First and Second Amendment rights in her termination letter wherein she stated her intent to report a supervisor to various federal agencies and the media.

A plaintiff may be inadequate to serve as a class representative when there is "evidence of vindictiveness to such an extent that [she] cannot adequately represent the class." *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1464 (9th Cir.1995). Courts consider vindictiveness in evaluating adequacy of representation because "individuals who possess animus that would preclude the possibility of a suitable settlement" are ineligible to be class representatives. *Id.*

The issues Ms. Foster had as an employee—her dispute regarding her performance

8

evaluations and her allegations of discrimination and retaliation—are unrelated to the issues in this ERISA action regarding Defendants' alleged breach of fiduciary duty, prohibited transactions, and failure to make required disclosures. *See Kayes*, 51 F.3d at 1464 (finding that the district court erred in relying on other unrelated litigation against the defendants as a basis for finding the class representative inadequate); *see also Koppel v. 4987 Corp.*, 191 F.R.D. 360, 368 (S.D.N.Y. 2000) (finding that to the extent that "[the class representative's] anger with defendants' alleged misconduct motivates his lawsuit, it has not prompted any irrational or unduly antagonistic behavior that would impair his vigorous prosecution of this action or prevent his approval of any proper proposed settlement" and collecting cases re: same). That Ms. Foster disputed portions of her 2015 and 2016 performance evaluations is not evidence that she would reject a reasonable settlement offer. Her objections to the evaluations have nothing to do with the claims in this action and the defendants named here were not her supervisors—indeed she attests that she has never met the individual defendants. (Dkt. No. 81-4 at ¶ 8.) Defendants' reliance on Plaintiff's ergonomic evaluation form is even less availing as she attests that she never saw the form and that someone else wrote "refused" on the form. (Dkt. No. 81-4 at ¶ 11.) Finally, Ms. Foster's reference to exercising her constitutional rights by reporting a supervisor—not named as a defendant in this action—to federal agencies and the media for allegedly discriminatory and retaliatory conduct is not evidence of animus that relates to the claims at issue here.

At oral argument, Defendants insisted that this case is analogous *Parrish v. Nat'l Football League Players Asso'n*, No. C 07-00943 WHA, 2008 WL 1925208 (N.D. Cal. Apr. 29, 2008), wherein the court found one of the proposed class representatives, Mr. Parrish, inadequate because he compared Gene Upshaw, the executive director of the defendant National Football League Players Association to "Caesar, Napolean, Idi Amin, Hitler, Stalin, Milosevic, Saddam" during a deposition. *Id.* at *8. Mr. Parrish also made "many racially charged comments on an internet blog regarding the NFLPA and Upshaw and he stated online and at his deposition that he would "never make a deal" with "Upshaw or his cronies." *Id.* at *8-9. As a result of these statements, the court concluded that Mr. Parrish would be an inadequate class representative because of his personal vendetta with the defendant and because the personal vendetta would "skew the litigation

strategy." *Id.* at *9.

No such evidence of animosity toward the named *Defendants* in this action has been presented here. Defendants have not identified any statements Ms. Foster made about Defendants—as opposed to her supervisors who are not parties here—and Ms. Foster attests that she understands that her obligation as a class representative is to represent all the class members and that she will "accept any resolution of the lawsuit [that is] determined to be in the best interests of the class a whole." (Dkt. No. 79-19 at ¶¶ 7,9.) While Defendants insist that comments during Ms. Foster's deposition suggest that she is still upset about what happened during her tenure at Adams and Associates, Ms. Foster has notably not filed a lawsuit regarding her allegations of discrimination. (Dkt. No. 81-4 at ¶ 9.) Thus, "to the extent that she does harbor a vendetta against [Adams and Associates], [Adams and Associates] has nevertheless offered no evidence to suggest that this vendetta would hinder her ability to fairly and adequately represent the class against [Adams and Associates]. Indeed, it more likely would drive [Ms. Foster] to diligently pursue this litigation, thereby serving the class member's interests." *Richter v. Mut. of Omaha Ins. Co.*, No. CV 05-498 ABC (PJWX), 2005 WL 8154953, at *5 (C.D. Cal. Nov. 28, 2005). And Ms. Foster's active participation in the litigation thus far— reviewing and responding to interrogatories, providing documents, sitting for a deposition, and attending the class certification hearing—suggests just that; she will diligently pursue this ligation on behalf of the class. (Dkt. No. 79-19 at ¶ 10.) Accordingly, Ms. Foster has demonstrated that she is an adequate class representative under Rule 23(a)(4).

Defendants do not challenge Mr. Foreman's adequacy to represent the interests of the class. The Court concludes that he too is an adequate representative—there is no evidence of any conflict of interest with the class, Mr. Foreman has actively participated in the litigation, and he attests that he understands his duty to consider the interests of the class in addition to his own and he that he will accept any resolution that is in the best interests of the class as a whole. (Dkt. No. 79-17 at ¶¶ 9-11.)

Plaintiffs' counsel have likewise demonstrated their adequacy as class counsel. The co-lead counsels, Feinberg, Jackson, Worthman & Wasow LLP and Block and Leviton LLP are

10

experienced class actions lawyers who specialize in employee benefit cases. (Dkt. No. 14 at ¶¶ 2-5; Dkt. No. 16 at ¶¶ 3-4.) Under these circumstances, the Court concludes that class counsel will fairly and adequately represent the interests of the class. *See Brown v. Ticor Title Ins.*, 982 F.2d 386, 390 (9th Cir. 1992) (noting that adequacy of representation "depends on the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive") (citations omitted); Fed. R. Civ. P. 23(g)(1)(B) (stating that "class counsel must fairly and adequately represent the interests of the class").

### B. Plaintiffs have Satisfied Rule 23(b)

Plaintiffs contend that certification is proper under any of the three prongs of Rule 23(b), but only seek certification under 23(b)(3) should the Court conclude that certification not proper under 23(b)(1) or 23(b)(2). Defendants do not oppose certification under any prong of Rule 23(b).

#### i. Certification Under Rule 23(b)(1)

Rule 23(b)(1) calls for certification in either of two distinct situations—where separate prosecution would result in inconsistent or varying adjudication that would "establish incompatible standards of conduct for the party opposing the class," *see* Rule 23(b)(1)(A), or would as a practical matter be "dispositive of the interests of the other members not parties to the adjudications or substantially impair their ability to protect their interest," *see* Rule 23(b)(1)(B). Plaintiffs contend that certification is proper under both.

"Rule 23(b)(1)(A) comes into play when a party is obligated by law to treat the members of a class in a like manner." *Alday v. Raytheon Co.*, 619 F. Supp. 2d 726, 736 (D. Ariz. 2008) (citing *Amchem Products Inc. v. Windsor*, 521 U.S. 591, 614 (1997)). "Rule 23(b)(1)(A) prevents the prosecution of separate actions that would create the risk of inconsistent or varying adjudications ... that would establish incompatible standards of conduct for the party opposing the class." *Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 965 (9th Cir. 2016), as amended on denial of reh'g and reh'g en banc (Aug. 18, 2016) (internal quotation marks omitted). "Certification under Rule 23(b)(1) is particularly appropriate in cases involving ERISA fiduciaries who must apply uniform standards to a large number of beneficiaries." *Wit v. United Behavioral*

11

*Health*, 317 F.R.D. 106, 132–33 (N.D. Cal. 2016) (internal citation omitted).

Here, Plaintiffs allege that Defendants breached their fiduciary duties and engaged in prohibited transactions and failed to make disclosures under ERISA. "Defendants' liability or lack thereof is likely dependent on judicial interpretation of the parties' rights, powers, and obligations pursuant to the ESOP. Conflicting interpretations by separate tribunals could result in countervailing directives to the ESOP fiduciaries." *Hurtado v. Rainbow Disposal Co.*, 2019 WL 1771797, at *10 (C.D. Cal. Apr. 22, 2019) (finding that certification under Rule 23(b)(1)(A) was proper). This result would be inconsistent with federal law which requires that pension plan terms and conditions be applied in a manner consistent to all participants. *See* 26 U.S.C. § 401(a)(4). "ERISA [fiduciary] litigation ... presents a paradigmatic example of a(b)(1) class." *Kanawi*, 254 F.R.D. at 112 (internal citation and quotation marks omitted).

Certification under Rule 23(b)(1)(B) is likewise appropriate. Rule 23(b)(1)(B) applies to cases in which judgment in an individual action "inescapably will alter the substance of the rights of others having similar claims." *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 467 (9th Cir. 1973). A "classic" example of such a case is one alleging "a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of beneficiaries, requiring an accounting or similar procedure to restore the subject of the trust." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833-34 (1999) (internal citation and quotation marks omitted). In such a case, "the shared character of rights claimed or relief awarded entails that any individual adjudication by a class member disposes of, or substantially affects, the interests of absent class members." *Id.* at 834.

The allegations here concern a single ESOP transaction and Defendants' actions. Determination regarding the legality of that transaction and Defendants' actions will affect the rights of all the other ESOP participants. Thus, certification under 23(b)(1)(B) is also appropriate.

### ii. Certification Under Rule 23(b)(2)

Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "Rule

12

23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant." *Wal–Mart*, 564 U.S. at 360, 131 S.Ct. 2541. "These requirements are unquestionably satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole." *Parsons*, 754 F.3d at 688 (citing *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2011)). Here, as noted *supra*, Plaintiffs seek the same relief for all members of the class based on Defendants' actions and inactions towards the class as a whole such that certification under Rule 23(b)(2) is also proper. *See Hurtado*, 2019 WL 1771797 at *11 (finding that the requirements of Rule 23(b)(2) were satisfied for the same reasons plaintiffs' breach of fiduciary duty and disclosure claims satisfied the requirements of Rule 23(b)(1)).

\*\*\*

Given the Court's conclusion that certification is proper under Rule 23(b)(1) and 23(b)(2), the Court need not consider Plaintiffs' alternative theory that certification is proper under Rule 23(b)(3).

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for class certification is GRANTED. (Dkt. No. 79.) The Court certifies a class of: all participants in the Adams and Associates ESOP from October 25, 2012 or any time thereafter who vested under the terms of the ESOP and their beneficiaries. The class definition excludes Defendants and their immediate family, any fiduciary of the ESOP, the officers and directors of Adams and Associates, Inc. or of any entity in which a Defendant has a controlling interest, and legal representatives, successors, and assigns of any such excluded persons. Plaintiffs Carol Foster and Theo Foreman are appointed as Class Representatives. Feinberg, Jackson, Worthman & Wasow LLP and Block & Leviton LLP are appointed as Co-Lead Counsel for the Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: September 11, 2019

                                        JACQUELINE SCOTT CORLEY
                                        United States Magistrate Judge