UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL FOSTER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ADAMS AND ASSOCIATES, INC., et al.,<br><br>    Defendants. | Case No. 18-cv-02723-JSC<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>Re: Dkt. No. 98 |

The Court certified a Rule 23(b)(2) non-opt out class in this ERISA action. Now pending before the Court is a joint discovery dispute letter. (Dkt. No. 98.) Plaintiffs seek to require Defendants to produce identifying information for all participants in the at-issue ESOP plan, including addresses, telephone numbers, beneficiaries, total shares and cash allocated to each account, and total value of accounts. They give two reasons for why the information is relevant to a claim or defense in this action. *See* Fed. R. Civ. P. 26(b)(1). First, they contend class members will have information relevant to the issues surrounding whether Defendants failed to disclose certain information to the ESOP trustee and his advisors when Defendants sold their stock to the ESOP. Second, they need information on share allocation to determine the allocation of any recovery.

As a preliminary matter, the Court observes that the class members have a privacy interest in their personal contact and financial information. No absent class member has volunteered to join this action and no class member has given permission to have class counsel telephone, text, or send them mail to solicit their participation in this lawsuit. While that privacy interest may be outweighed under many circumstances, no such circumstances are present at this time.

First, Plaintiffs' first reason for needing the information is not plausible. Plaintiffs do not

explain, and the Court cannot fathom, how class members "will have relevant information" about Defendants' failure to disclose to the ESOP trustee that, for example, the Department of Labor was considering setting aside five of the thirteen Job Corps Centers. The class members are not likely to have any relevant information, at least not likely enough to justify allowing class counsel to obtain their personal contact and financial information. *See Tierno v. Rite Aid Corp.*, 2008 WL 3287035 (N.D. Cal. July 31, 2008) (noting that "the right to privacy is subject to balancing the needs of the litigation with the sensitivity of the information/records sought").

Second, while class counsel may need some additional information to allocate any recovery, they have not explained why they need all of the information they seek. Further, the Court assures counsel that if a recovery is obtained, it will order Defendants to provide Plaintiffs with whatever information they need for allocation of that recovery, even if discovery has closed.

This Order disposes of Docket No. 98.

**IT IS SO ORDERED.**

Dated: December 12, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge